668 So.2d 1010 (1996)
L.E. HAROLD, Appellant,
v.
ORANGE COUNTY, FLORIDA, et al, Appellee.
No. 95-669.
District Court of Appeal of Florida, Fifth District.
February 2, 1996.
Rehearing Denied March 5, 1996.
*1011 Tobe Lev, of Egan, Lev & Siwica, P.A., Orlando, for Appellant.
Linda S. Brehmer, Assistant County Attorney, Orange County Attorney's Office, Orlando, for Appellee, Orange County.
Michael A. Hornreich and Mary A. Doty, of Foley and Lardner, Orlando, for Appellees, CRSS, Kelsey and Hardin.
HARRIS, Judge.
The issue in this case is whether certain records maintained by a private entity are subject to disclosure as "public records" within the contemplation of Chapter 119, Florida Statutes, the Public Records Act.
Orange County hired an entity called CRSS/Kelsey/Hardin ("CKH") as the construction manager[1] for the expansion and renovation of the Orange County Civic Center, a public building on public property being expanded and renovated at a cost of $171,346,000 in public funds. Pursuant to section 119.07, L.E. Harold, appellant herein, requested that Orange County and CKH make available for public inspection the following records for the mechanical package of Phase Four of the Civic Center project: complete submittals made by all bidding contractors; a breakout of all bids from Minority Business Enterprise and Women Business Enterprise contractors, subcontractors and suppliers for the purpose of determining the success of the MBE and WBE bidders; and the trade contractor certified payroll records.
After turning over the records in its possession, Orange County denied any responsibility for those records in the possession of CKH. However, when Harold sought the records from CKH, it refused to disclose them based on the assertion that it was not "a business entity acting on behalf of" a public agency as described in section 119.011(2). Harold sued the County and CKH under section 119.07 to obtain the records CKH would not disclose, and the trial court dismissed his complaint with prejudice on the basis that CKH was not acting on behalf of the County. We reverse.
CKH and Orange County contend that this issue is controlled by the principle announced in News and Sun-Sentinel v. Schwab, 596 So.2d 1029 (Fla.1992). We agree with the Schwab holding that the mere act of contracting with a public body to construct a public improvement does not mean that the private contractor is "acting on behalf" of the public body within the contemplation of the Public Records Act. And, to the extent that the records sought in this case are similar to those sought in Schwab, that holding is controlling. But we also believe that in the same contract the private entity can be acting on its own behalf and, pursuant to the contract, undertake certain obligations on behalf of the public employer.
In Schwab, insofar as we can tell from the opinion, the plaintiff had asked to inspect "all files in the firm's possession that pertain" to a number of school board projects. Under *1012 that request, Schwab, an architectural firm involved in several school board projects, would have had to turn over its company records maintained by it in the normal course of its businessits bids, its payroll records, its time sheets, etc.
The Schwab court refused to require such disclosure and found that, based on the various factors listed in its opinion, the architectural firm was not acting on behalf of the school board. In so holding, the court explained that, merely because the architectural firm executed a contract to provide professional services to a public agency, this fact did not mean that the firm was required to disclose its records.
In our case, however, Harold is not seeking records that CKH would normally keep in the course of its own business. Rather, he is attempting to review materials submitted by others which CKH is required to compile, maintain, and disclose to the County pursuant to its contract with the County. The contract provides:
2.3.4(8) Equal opportunity and minority business participation: The construction manager acknowledges it is familiar with and bound by the requirements of the FAIRNESS IN PROCUREMENT ORDINANCE, Section 1-81, et seq. of the Code of Ordinances of Orange County. The Construction Manager, in the appropriate language in the bid packages to be utilized by the Trade Contractors and by active monitoring of the Trade Contractor by the Construction Manager, will secure the compliance of the Trade Contractor with the requirements of the said FAIRNESS IN PROCUREMENT ORDINANCE.
Additionally, the contract requires that certain administrative and cost accounting records be maintained. These records specifically include "contracts or purchase orders," "payment request records," "bid/award information," and "bid analysis and negotiations." Further, all these records were to be "available at all times or on an as-need basis to the Owner [Orange County] ... for reference and review."
We believe that by this language, Orange County delegated to CKH the responsibility, on behalf of the County, to assure that the trade contractors comply with the Fairness in Procurement Ordinance and to maintain whatever records are necessary so that the County can verify such compliance. We find that these records are public and therefore fall within the disclosure requirements of chapter 119, Florida Statutes.
However, we decline to assess attorneys' fees in this action. In The New York Times Company v. P.H.H. Mental Health Services, 616 So.2d 27 (Fla.1993), the supreme court stated:
This case involves the question of whether a private entity acting on behalf of a public agency is responsible for attorneys' fees under section 119.12(1), Florida Statutes (1987), when that entity reasonably and in good faith denies a chapter 119 request to inspect records because the private entity's status as an agency under the meaning of chapter 119 is unclear. We find that under such circumstances the private entity's denial of the request does not constitute an unlawful refusal under section 119.12(1), and an award of attorney's fees is not appropriate. (Emphasis added).
Although the P.H.H. court commented on the fact that in that case the private entity had acted swiftly to clarify its status by filing a declaratory judgment action, we do not find that the failure to independently seek such clarification in this case (considering the swiftness of appellant's action), renders an otherwise good faitheven if incorrectrefusal to disclose records an unlawful act.
REVERSED for further action consistent with this opinion.
W. SHARP and GOSHORN, JJ., concur.
NOTES
[1] The construction manager also performed the services normally associated with a general contractor. It was to deliver a completed project consistent with the plans and specifications within a certain time and at a fixed price.