695 So.2d 501 (1997)
Vanessa Garcia STANFIELD, Appellant,
v.
SALVATION ARMY, etc., Appellee.
No. 96-2722.
District Court of Appeal of Florida, Fifth District.
June 13, 1997.
*502 Richard M. Carnell, Jr. and D. Robert Bradshaw of Bradshaw & Carnell, P.A., Ocala, for Appellant.
Robin E. Greiwe and Charles J. Thomas of Thompson, Sizemore & Gonzalez, P.A., Tampa, for Appellee.
GOSHORN, Judge.
Vanessa Garcia Stanfield appeals from the final judgment denying her request for records from the Salvation Army, a/k/a the Salvation Army Corrections Department. We reverse on the very narrow issue presentedthe trial court's determination that the Salvation Army is not subject to Florida's public records law[1] when providing misdemeanor probation services pursuant to its contract with Marion County.
The Salvation Army contracted with Marion County to provide the probationary services for misdemeanants pursuant to section 948.15, Florida Statutes.[2] The language of the contract states that "the County seeks a private entity to provide certain probation services for the efficient administration of justice within this circuit." Under the contract, the Salvation Army is required to perform all of Marion County's misdemeanant probation functions, including providing job placement services, monitoring and enforcing all probation conditions, preparing reports of violations, and collecting supervision fees. The contract also requires the Salvation Army to maintain a file on each probationer which includes various reports and to provide a quarterly statistical report to the chief circuit judge and certain county judges.
The public records law defines as "public" all records "made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." § 119.011(1), Fla. Stat. (1995). "Agency" is defined to include a private entity "acting on behalf of any public agency." § 119.011(2), Fla. Stat. (1995). Pursuant to this statute, Stanfield sought to obtain the probation records of two misdemeanants whom she opposed in litigation arising from an automobile accident. Stanfield contended that the Salvation Army's records were subject to the disclosure requirements of the public records law because it was "acting on behalf of" Marion County in performing the misdemeanant probation services. The trial court found that the Salvation Army was not acting "on behalf of" the county and therefore had no obligation to disclose its records. We disagree.
We acknowledge that the supreme court has held that a private entity does not act "`on behalf of' a public agency merely by entering into a contract to provide professional services to the agency." News and Sun-Sentinel Co. v. Schwab, Twitty & Hanser Architectural Group, Inc., 596 So.2d 1029, 1031 (Fla.1992). However, in the instant case, the Salvation Army did more than enter into a contract to provide professional services to Marion County. Pursuant to both a statute and a contract, it took over the *503 county's role as the provider of probation services. This was not the provision of architectural services as in Schwab, but the complete assumption of a governmental obligation. Rather than providing services to the county, the Salvation Army provided services in place of the county. See News-Journal Corp. v. Memorial Hospital-West Volusia, Inc., 22 Fla. L. Weekly D1241, ___ So.2d ____ (Fla. 5th DCA May 16, 1997). The Schwab court also noted that "agency" has been defined broadly in the statute "to ensure that a public agency cannot avoid disclosure under the Act by contractually delegating to a private entity that which otherwise would be an agency responsibility." 596 So.2d at 1031. Were we to hold that the Salvation Army is not acting on behalf of Marion County, this public policy would be circumvented. Accordingly, we find that all records which would be public if the county were providing the probation services are also public when the Salvation Army performs that task.
Because we find the statutory and contractual delegation of governmental responsibility so compelling in this case, it is unnecessary to engage in the factor-by-factor analysis outlined by Schwab. Moreover, we express no opinion as to the applicability of any statutory exemptions to the records sought or the relevancy of the records to the underlying litigation; our holding is limited solely to the agency status of the Salvation Army. Finally, we deny Stanfield's request for attorneys' fees under section 119.12(1), Florida Statutes, finding that in refusing to disclose the records the Salvation Army acted on the good faith belief that it was not subject to the public records law. See New York Times v. PHH Mental Health Servs., Inc., 616 So.2d 27 (Fla.1993); Harold v. Orange County, 668 So.2d 1010 (Fla. 5th DCA 1996).
REVERSED.
ANTOON, J., concurs.
COBB, J., concurs specially, with opinion.
COBB, Judge, concurring specially.
I concur with the thoughtful analysis of the majority opinion and its conclusion in respect to the agency status of the Salvation Army. It should be emphasized, however, that our determination in regard to the instant appeal in no way implies that the records sought by the plaintiff below are subject to discovery in the face of the confidentiality afforded to medical and substance abuse records by section 945.10(1), Florida Statutes (1995). The latter issue, however, is not before us at this time.
NOTES
[1] Ch. 119, Fla. Stat. (1995 & Supp.1996).
[2] This section provides in part:

948.15 Misdemeanor probation services._____
(1) Defendants found guilty of misdemeanors who are placed on probation shall be under supervision not to exceed 6 months unless otherwise specified by the court....
(2) A private entity or public entity under the supervision of the board of county commissioners or the court may provide probation services for offenders sentenced by the county court.
§ 948.15, Fla. Stat. (1995).