740 So.2d 1238 (1999)
PUTNAM COUNTY HUMANE SOCIETY, INC., Appellant,
v.
Michael W. WOODWARD, Appellee.
No. 99-97.
District Court of Appeal of Florida, Fifth District.
August 27, 1999.
Edward E. Hedstrom, of Hedstrom & Smith, LLP, Palatka, for Appellant.
Michael W. Woodward, pro se, of Keyser & Woodward, P.A., Interlachen.
PETERSON, J.
The Putnam County Humane Society, Inc. (Society) appeals an order requiring it to produce records relating to "investigations and incidents involving Deputy Victoria Caldwell that resulted in animals being either seized or voluntarily turned over... to the ... Society." The request was made under Florida's Public Records Act, Chapter 119, Fla. Stat.(1997).
The Society argues that the definition of *1239 agency under section 119.011(2)[1], Florida Statutes (1997) does not include the society because the application of the factors in News and Sun-Sentinel Co. v. Schwab, Twitty & Hanser Architectural Group, Inc., 596 So.2d 1029 (Fla.1992), excludes it. The Schwab factors include but are not limited to: (1) level of public funding; (2) co-mingling of funds; (3) whether the activity was conducted on publicly owned property; (4) whether the services contracted for are an integral part of the public agency's chosen decision making process; (5) whether the private entity is performing a governmental function or a function which the public agency otherwise would perform; (6) the extent of the public agency's involvement with, regulation of or control over the private entity; (7) whether the private entity was created by the public agency; (8) whether the public agency has a substantial financial interest in the private entity; and (9) for whose benefit the private entity is functioning.
In Stanfield v. Salvation Army, 695 So.2d 501 (Fla. 5th DCA 1997), this court concluded that the factor by factor analysis outlined by Schwab is not necessary when the delegation of governmental responsibility is clear and compelling. In Stanfield, the Salvation Army contracted with Marion County to provide probationary services for misdemeanants pursuant to section 948.15, Florida Statutes. The contract required the Salvation Army to perform all of Marion County's misdemeanant probation functions which included providing job placement services, monitoring and enforcing all probation conditions, preparing report of violations and collecting supervision fees. Finding that the Salvation Army's probation records were public records, irrespective of any analysis performed under Schwab, this court wrote:
The Schwab court ... noted that "agency" has been defined broadly in the statute "to ensure that a public agency cannot avoid disclosure under the act by contractually delegating to a private entity that which otherwise would be an agency responsibility." 596 So.2d at 1031. Were we to hold that the Salvation Army is not acting on behalf of Marion County, this public policy would be circumvented. Accordingly, we find that all records which would be public if the county were providing the probation services are also public when the Salvation Army performs that task.
Id. at 503. The supreme court, in Memorial Hospital-West Volusia, Inc. v. News-Journal Corp., 729 So.2d 373, 381 (Fla. 1999), agreed with this court's reasoning in Stanfield. The supreme court wrote:
We ... agree with the Fifth District in this case in noting the distinction between providing materials or services to a public body to facilitate a public body's own performance of its public function and an agreement under which a private actor performed the public function in place of the public body. When the agreement transfers the actual public function, public access follows, as was correctly determined by the Fifth District in its more recent decision in Stanfield v. Salvation Army ... in which the district court held that public access was required for a private entity that completely assumed a governmental obligation in its contract with a county government to provide probationary services.
The only substantial difference between the instant case and Stanfield is that in Stanfield, the salvation Army contractually obligated itself to perform governmental services which otherwise would have had to be performed by Marion County. In the instant case, the provisions of sections *1240 828.03 and 828.073[2] authorize the Society, but do not compel it, to perform the governmental function. We conclude that this difference is immaterial once the Society assumed the authority under the enabling statutes.
The Society does not dispute that it exercised its investigative power, and its right to remove animals, under the authority of the statute. Where the Society has used its statutory authority to investigate acts of animal abuse and has used this authority, further, to seize animals, it has acted as an agent of the state. The investigation of a criminal act pursuant to authority to do so granted by the legislature is the performance of a public function. To hold that the Public Records Act is not applicable to this type of investigation would improperly result in the avoidance of disclosure through a delegation "to a private entity that which otherwise would be an agency responsibility." News and Sun-Sentinel Co. v. Schwab, Twitty & Hanser Architectural Groups, Inc., 596 So.2d 1029, 1031 (Fla.1992).
We affirm the trial court's order requiring the Society to make available the records that were created and maintained in connection with the acts of its investigative functions pursuant to section 823.03 and 828.073, Florida Statutes. We additionally note, as the trial court concluded, that an award of attorney's fees was not appropriate in this case because the Society acted on a good faith belief that it was not subject to the public records law. Stanfield at 503.
AFFIRMED.
DAUKSCH, J., and MIHOK, A. T., Associate Judge, concur.
NOTES
[1] Section 119.011(2) defines agency as:

Any state, county, district, authority, or municipal officer, ... created or established by law ... and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency.
[2] Section 828.03 provides:

Agents of counties, societies, etc., may prosecute violators.
(1) Any county or any society or any association for the prevention of cruelty to children or animals, organized under the laws of this state, may appoint agents for the purpose of investigating violations of the provisions of this chapter or any other law of the state for the purpose of protecting children and animals or preventing any act of cruelty thereto.
(2) All appointments of such agents by such societies or corporations must have the approval of the mayor of the city in which the society or association exists, and if the society or association exists or works outside of any city, the appointment must be approved by the county court judge or the judge of circuit court for the county, and the mayor or judge shall keep a record of such appointment. The approval of any agent by a county for either the incorporated or unincorporated areas of a county shall be by the county commission.
Section 828.073 provides in pertinent part:
Animals found in distress; when agents may take charge; hearings; disposition; sale.
(1) The purpose of this section is to provide a means by which a neglected or mistreated animal can be:
a) Removed from its present custody; or
b) Made the subject of an order to provide care, issued to its owner by the county court and any law enforcement officer, or any agent of the county or any society or association for the prevention of cruelty to animals appointed under s. 828.03, and given protection and an appropriate and humane disposition made.
(2) Any law enforcement officer or any agent of any county or of any society or any association for the prevention of cruelty to animals appointed under provision of s. 828.03 may:
(a) Lawfully take custody of any animal found neglected or cruelly treated by removing the animal from its present location, or
(b) Order the owner of any animal found neglected or cruelly treated to provide certain care to the animal at the owner's expense without removal of the animal from its present location,
and shall forthwith petition the county court judge of the county wherein the animal is found for a hearing, to be set within 30 days after the date of seizure of the animal or issuance of the order to provide care and held not more than 15 days after the setting of such date, to determine whether the owner, if known, is able to provide adequately for the animal and is fit to have custody of the animal.