Ms. Josefina M. Tamayo General Counsel Department of Children and Families 1317 Winewood Boulevard Tallahassee, Florida 32399-0700
Dear Ms. Tamayo:
On behalf of the Secretary of the Department of Children and Families, you ask substantially the following question:
Are meetings of the board of directors of the Family Services Coalition, Inc., an entity performing services for the Department of Children and Families pursuant to section 409.1671(6), Florida Statutes, which services would normally be performed by the department, subject to the Government in the Sunshine Law?
In sum:
Meetings of the board of directors of the Family Services Coalition, Inc., an entity performing services for the Department of Children and Families pursuant to section 409.1671(6), Florida Statutes, which services would normally be performed by the department, are subject to the Government in the Sunshine Law.
According to the information provided by your office, District 4 was required by the Legislature in 1996 to institute a foster care privatization pilot program.[1] The foster care program in the district was formerly administered by the Department of Health and Rehabilitative Services. The Family Services Coalition, Inc. (Coalition), however, now acts as the management service organization for an alliance of residential providers who directly provide residential, clinical, and case management services for adolescents. The Coalition, which is a nonprofit agency, is governed by a thirteen-member board of directors composed of member agencies, consumers and advocates. From the information provided to this office, it appears that the only function of the Coalition, which was incorporated in 1997, is to manage the foster care services pursuant to the contract with the department. You, therefore, ask whether the Coalition is subject to the open meetings requirements of section 286.011, Florida Statutes.
Florida's Government in the Sunshine Law, section 286.011, Florida Statutes, provides:
"All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times[.]"[2]
The statute has been held applicable to private organizations when the private entity has been created by a public agency, when there has been a delegation of the public agency's governmental functions, or when the private organization plays an integral part in the decision-making process of the public agency.[3]
Recent decisions by the courts in considering the applicability of the open government laws to private entities have focused on whether the private entity is merely providing services to the public agency or is standing in the shoes of the public agency. For example, in Memorial Hospital-West Volusia, Inc. v. News-JournalCorporation,[4] the Supreme Court of Florida reaffirmed that a private organization, performing and carrying out the obligations of a public agency under a lease agreement, was subject to open meetings requirements of both the Constitution and the Government in the Sunshine Law.[5] In that case, a hospital authority had delegated the performance of its public purpose to a private organization. As the Supreme Court noted, when the actual public function is transferred, public access follows. While the Court did not reject the dominion or control test established inCity of Miami Beach v. Berns[6] for factual situations similar to the one presented in Berns, the Court stated:
"[W]e simply find that the Authority's delegation of the performance of its public purpose to West Volusia, Inc. is similar to the delegation of official acts by Marston that caused the search and screening committee in Wood to come within section286.011, Florida Statutes (1979). Wood, 442 So.2d at 939. We conclude that our holding in Wood should be used in this situation and is appropriate in construing article I, section 24(b) of the Florida Constitution."[7]
This office has also considered a private entity that has been delegated a public function to be subject to the provisions of the open government laws. For example, in Attorney General Opinion 98-49, this office stated that an association designated by a county to carry on duties of a dissolved county fine arts council and receiving funding from specialty license plates is subject to Sunshine Law.[8]
In the instant inquiry, the coalition, although a private agency, in effect stands in the place of the department in the management of foster care services in District 4.[9] Accordingly, I am of the opinion that meetings of the board of directors of the Family Services Coalition, Inc., an entity performing services for the Department of Children and Families pursuant to section409.1671(6), Florida Statutes, which services would normally be performed by the department, are subject to the Government in the Sunshine Law.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 5, Ch. 96-402, Laws of Florida, amending s.409.1671, Fla. Stat. (1995), to provide in part:
"(5) Beginning in fiscal year 1996-1997, the Department of Health and Rehabilitative Services shall establish a minimum of 5 model programs. These models must be established in the department's districts 1, 4, and 13; in subdistrict 8A; and in a fifth district to be determined by the department, with the concurrence of the appropriate district health and human services board. . . . Providers of these model programs . . . must be established, community-based organizations within the district or subdistrict. Contracts with organizations responsible for the model programs shall include the management and administration of all privatized services specified in subsection (1), except for funds necessary to manage the contract. . . ."
Subsection (5) has been subsequently amended (see, s. 193, Ch. 97-101, Laws of Florida, s. 14, Ch. 99-168, Laws of Florida, and s. 2, Ch. 99-206, Laws of Florida), and was renumbered as subsection (6) by s. 14, Ch. 99-168, Laws of Florida. Cf., s.409.1671(1), Fla. Stat., expressing a legislative intent that the Department of Children and Family Services privatize (i.e., to contract with competent, community-based agencies for) the provision of foster care and related services statewide. The department is required to submit a plan to accomplish privatization statewide, through a competitive process, phased in over a 3-year period beginning January 1, 2000.
[2] Section 286.011(1), Fla. Stat.
[3] See, e.g., Ops. Att'y Gen. Fla. 92-53 (1992) (direct-support organization created for purpose of assisting public museum subject to s. 286.011, Fla. Stat.); 83-95 (1983) (where county accepted services of nongovernmental committee to recodify and amend county's zoning laws, committee subject to Sunshine Law).
[4] 729 So.2d 373 (Fla. 1999).
[5] See, Art. I, s. 24(b), Fla. Const., establishing a constitutional right of access to public board or commission meetings.
[6] 245 So.2d 38 (Fla. 1971).
[7] 729 So.2d 373, 383 (Fla. 1971).
[8] And see, Ops. Att'y Gen. Fla. 99-53 (1999) (architectural review committees of homeowners' association whose approval is required by county ordinance prior to obtaining county building permit subject to Sunshine Law); 85-55 (1985) (task force, although not appointed by the city, in effect stood in the place of the city commission when it analyzed information regarding the improvement of the downtown business district and thus was subject to Sunshine Law); 83-95 (1983) (non-governmental advisory committee, which had been impliedly delegated the authority to act on behalf of the county commission in the examination and revision of the zoning code, subject to s. 286.011).
[9] Cf., Stanfield v. Salvation Army, 695 So.2d 501, 503 (Fla. 5th DCA 1997) (private corporation, taking over the county's role as the provider of probation services, is subject to Ch. 119, Fla. Stat.); Prison Health Services, Inc. v. Lakeland Ledger PublishingCompany, 718 So.2d 204 (Fla. 2d DCA 1998) (records of Prison Health Services, Inc., which undertook to act on behalf of the sheriff by providing medical services, subject to the Public Records Act); Putnam County Humane Society v. Woodward,740 So.2d 1238 (Fla. 5th DCA 1999) (humane society was subject to the Public Records Law since it performed the governmental function of investigating acts of animal abuse and seizing animals pursuant to state statute).