Dear Mr. Baker:
On behalf of the Board of County Commissioners of Jackson County, you ask substantially the following question:
Is the Compass Lake in the Hills Property Owners Association subject to Florida laws governing public records and open meetings?
Florida's Public Records Law, Chapter 119, Florida Statutes, makes records made or received in connection with the transaction of official business by any "agency" open for public inspection, unless a statute exempts such records or makes the records confidential.[1] For purposes of the Public Records Law, an "agency" is defined to include private corporations acting on behalf of any public agency.[2] Section286.011, Florida Statutes, Florida's Government in the Sunshine Law, provides:
"All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times[.]"[3]
While many of the court cases involving the application of Florida's open government laws to private entities providing services to public agencies have involved access to public records, the courts have looked to Chapter 119, Florida Statutes, in determining the application of the Government in the Sunshine Law. Whether the Public Records Law or the Sunshine Law applies to a private organization depends on the relationship between the private entity and the public agency. InNews and Sun-Sentinel Company v. Schwab, Twitty Hanser ArchitecturalGroup, Inc.,[4] the Supreme Court of Florida adopted a "totality of factors" approach to determine whether a private entity is subject to the Public Records Law. The Court enumerated various criteria to use as a guide.[5] In Schwab, it was concluded that a private architectural firm was not subject to Chapter 119, Florida Statutes, since the firm was not acting on behalf of a public agency merely by entering into a contract to provide professional services to the agency. The Court noted that the private firm's primary motivation was "clearly to receive compensation, not to provide a public service."[6]
Courts subsequently have broadened the Schwab test by focusing on whether the private entity is standing in the shoes of the public agency, rather than merely providing services to the public agency. InMemorial Hospital-West Volusia, Inc. v. News-JournalCorporation,[7] the Supreme Court of Florida affirmed that a private organization, performing and carrying out the obligations of a public agency under a lease agreement, is subject to the open meeting requirements of both the Constitution[8] and the Government in the Sunshine Law. The Court made note of
"the distinction between providing materials or services to a public body to facilitate the public body's own performance of its public function and an agreement under which a private actor performs the public function in place of the public body. When the agreement transfers the actual public function, public access follows[.]"[9]
Thus, the Court recognized a distinction between a contract in which the private entity provides services to a public body and a contract in which the private entity provides services in place of the public entity.
This office has recognized a similar distinction.[10] For example, in Attorney General Opinion 98-49, this office stated that where a county had designated an association to carry on duties of a dissolved county fine arts council and the association received funding from specialty license plates, the private association was subject to the Sunshine Law. This office also has deemed the Sunshine Law applicable to a private entity when there has been a delegation of the public agency's governmental functions, or when the private entity plays an integral part in the decision-making process of the public agency.[11]
You state that in years past, the board of county commissioners has relied upon input from the Compass Lake Property Owners Association (POA) for the preparation of the budget for the Municipal Services Taxing Unit (MSTU) which encompasses the development. This reliance was based upon the assumption that the POA represented the view of a majority of the landowners subject to the MSTU's assessment. The board of county commissioners, however, has ultimate control over the preparation of the budget. Once the budget has been adopted by the board, the POA has been contracted to provide the services at the level specified in the budget. You indicate that there is a substantial level of public funding and the POA is performing governmental type functions, such as road maintenance and fire rescue services.
In addition to the role the POA plays in the formulation and adoption of the MSTU's budget, when the POA contracts with the county to perform governmental functions on behalf of the MSTU, the POA is subject to the Public Records Law and the Sunshine Law. You have provided a copy of an "Independent Contractor's Agreement" in which the POA contracts to provide certain services related to the Compass Lake in the Hills MSTU. The agreement states that the POA "shall be the sole arbiter of the manner and means by which those services are provided" and the compensation for such services as indicated in the MSTU's budget.
While this office will not interpret the terms of the agreement between the MSTU and the POA, it is noteworthy that the MSTU's budget does not distinguish the services that will be performed by the POA, nor does it appear that the county commission exercises oversight or control over the POA's performance of the services. As noted above, the POA performs such services as road maintenance and fire protection, services that traditionally are provided by a governing body such as a municipality or a county.
In light of the agreement between the MSTU and the POA, delegating the performance of services that would otherwise be performed by the MSTU to the POA, it is my opinion that the POA is subject to the Public Records Law and the Government in the Sunshine Law when it is carrying out business related to such roles. Accordingly, to the extent the Compass in the Hills Property Owners Association is acting on behalf of the Compass in the Hills Municipal Services Taxing Unit, the association is subject to Florida laws governing public records and open meetings.
Sincerely,
Bill McCollum Attorney General
BM/tals
[1] See s. 119.011(11), Fla. Stat., defining "Public records;" andShevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So. 2d 633 (Fla. 1980).
[2] Section 119.011(2), Fla. Stat.
[3] Section 286.011(1), Fla. Stat.
[4] 596 So. 2d 1029, 1031 (Fla. 1992).
[5] The Schwab Court included such factors as: the level of public funding; commingling of funds; whether the activity was conducted on publicly owned property; whether services contracted for are an integral part of the public agency's chosen decision-making process; whether the private entity is performing a governmental function; the extent of the public agency's involvement with, regulation of, or control over the private entity; whether the private entity was created by the public agency; whether the public agency has a substantial financial interest in the private entity; and for whose benefit the private entity is functioning.
[6] 596 So. 2d at 1032.
[7] 729 So. 2d 373 (Fla. 1999).
[8] See Art. I, s. 24(b), Fla. Const., establishing a constitutional right of access to public board or commission meetings.
[9] 729 So. 2d at 381 (Fla. 1999). And see, e.g., Stanfield v.Salvation Army, 695 So. 2d 501, 503 (Fla. 5th DCA 1997) (private corporation providing probation services on behalf of the county subject to Ch. 119, Fla. Stat.); Prison Health Services, Inc. v. Lakeland LedgerPublishing Company, 718 So. 2d 204 (Fla. 2d DCA 1998) (private entity providing medical services on behalf of the sheriff subject to the Public Records Act); Putnam County Humane Society, Inc. v.Woodward, 740 So. 2d 1238 (Fla. 5th DCA 1999) (humane society performing governmental function of investigating acts of animal abuse and seizing animals pursuant to state statute subject to the Public Records Law).
[10] See Ops. Att'y Gen. Fla. 99-53 (1999) (Sunshine Law applies when homeowners' association architectural review approval required by county ordinance prior to obtaining county building permit); 85-55 (1985) (task force subject to Sunshine Law, although not appointed by the city, in effect stood in the place of the city commission when it analyzed information regarding the improvement of the downtown business district); and 83-95 (1983) (nongovernmental advisory committee, impliedly delegated authority to act on behalf of county commission in examining and revising county's zoning code, subject to s.286.011).
[11] See, e.g., Ops. Att'y Gen. Fla. 92-53 (1992) (direct-support organization created for purpose of assisting public museum subject to s. 286.011, Fla. Stat.); and 83-95 (1983) (nongovernmental committee operating to recodify and amend county's zoning laws subject to Sunshine Law).