Dear Mr. McIntyre:
You have asked substantially the following question:
Does section 828.30(5), Florida Statutes, prohibit a local government from entering into a contract with a private entity to assist in the administration of its animal registration ordinance? You state that theSt. Lucie County Board of County Commissioners has adopted a countyordinance requiring the registration of dogs and cats in theunincorporated area of the county.[1] Section 1-4-30(a), St. LucieCounty Code of Ordinances, requires all owners of cats and dogs in theunincorporated area of the county to obtain a registrationidentification tag for each animal over the age of four months. Theregistration tags are available through participating veterinarians, theHumane Society of St. Lucie County, directly from the county's animalcontrol division, or through a private firm which the county hascontracted to assist with the administration of the program. Youindicate, however, that the contractual arrangement with the privatefirm has been suspended until resolution of this issue. Owners arerequired to produce proof of current vaccination in order to purchase atag. There is some question as to whether a private firm may possessinformation relating to rabies vaccination records which is otherwiseexempt from disclosure under the Public Records Act.
 The ability of the county to contract with a private entity for theadministration of the registration program has been questioned in lightof section 828.30(5), Florida Statutes, and a previous informal opinionfrom this office. Section 828.30(5), Florida Statutes, provides:
 "An animal owner's name, street address, phone number, and animal tagnumber contained in a rabies vaccination certificate provided to theanimal control authority is exempt from s. 119.07(1) and s. 24(a),Art. I of the State Constitution. However, any person who has been bitten,scratched, or otherwise exposed to a zoonotic disease or the physicianof such person; a veterinarian who is treating an animal that has beenbitten, scratched, or otherwise exposed to a zoonotic disease; or theowner of an animal that has been bitten, scratched, or otherwise exposedto a zoonotic disease shall be provided with any information containedin a rabies vaccination certificate but only with respect to theparticular animal biting, scratching, or otherwise causing exposure. Anyperson with an animal tag number may receive vaccination certificateinformation with regard to that animal. Law enforcement andprosecutorial agencies; other animal control authorities; emergency andmedical response and disease control agencies; or other governmentalhealth agencies shall be provided information contained in the rabiesvaccination certificate for the purpose of controlling the transmissionof rabies; however, the receiving agencies and authorities must notrelease the exempt information."
 Violation of this section is a civil infraction punishable as providedin section 828.27(2), Florida Statutes.[2]
 This office was previously asked if a private non-profit pet rescueorganization was authorized to receive information contained in rabiesvaccination certificates.[3] The organization, known as the Pet OwnersAlliance (POA), maintained a computer database showing the ownership oftattooed and microchipped animals in Florida. The POA served as legallyappointed animal cruelty investigators, trainers of problem pets, and arescue and rehabilitation source for abandoned, abused, or lost pets. Italso operated a computerized "lost and found" service in Broward, PalmBeach and Dade Counties which was utilized by law enforcement agencies.
 In reviewing the terms of section 828.27(2), Florida Statutes, thisoffice recognized that the statute exempts from public disclosure anyinformation in rabies vaccination certificates identifying the owner ofthe animal vaccinated. While the statute permits copies of the databaseto be released, the owner's name, street address, phone number andanimal tag number may not be made available. The statute, however,enumerates several individuals and entities who may have access to theotherwise exempt information, including "other animal controlauthorities" for the purpose of controlling rabies. While the opinionindicated that the POA could possibly be considered an "animal controlauthority" if it were properly appointed so by the appropriate governingbody, it was problematic to conclude that the release of the privilegedinformation in order to return lost pets would be necessary for thecontrol of the transmission of rabies.
 When a public agency delegates authority to maintain certain recordsnecessary to perform its function to a private entity, such records aresubject to the provisions in Chapter 119, Florida Statutes.[4] In theinstant situation, the city is contracting with the private entity toadminister the city's animal registration program. The private entitywould be acting on behalf of the city and would stand in the "shoes" ofthe city when applying section 828.30(5), Florida Statutes, as well asthe provisions of the Public Records Act. Thus, the private entity wouldbe required to recognize and enforce the exemption afforded certainowner identifying information contained in rabies records as prescribedin section 828.30(5), Florida Statutes.
 While section 828.30(5), Florida Statutes, restricts the release ofcertain information contained in rabies vaccination records, it does notprohibit or impede a city's authority to contract with a private entityto assist in the operation of its animal registration program. As anagent of the city, the private entity would maintain the registrationrecords subject to the provisions of the Public Records Act.
 Accordingly, it is my opinion that section 828.30(5), FloridaStatutes, does not prohibit a local government from entering into acontract with a private entity to assist in the administration of itsanimal registration ordinance. To the extent the public entity carriesout a public function on behalf of the local government, however, itwould be subject to the provisions of the Public Records Act.
 Sincerely,
 Bill McCollum Attorney General
 BM/tals
[1] Ordinance No. 07-010, St. Lucie County Code of Ordinances.
[2] Section 828.30(6), Fla. Stat. Section 828.27(2), Fla. Stat.,authorizes the governing body of a county or municipality to enactordinances relating to animal control or cruelty, which may include amaximum civil penalty not to exceed $500.00.
[3] Informal Op. of Att'y Gen. to The Honorable Debbie WassermanSchultz, dated December 28, 1998.
[4] See News-Journal Corporation v. Memorial Hospital-West Volusia,Inc., 695 So. 2d 418 (Fla. 5th DCA 1997), approved, 729 So. 2d 373 (Fla. 1999) (business records of entities contracting to relieve a public body form the operation of a public obligation subject to the open government laws); Stanfield v. Salvation Army, 695 So. 2d 501, 501-503 (Fla. 5th DCA 1997) (Salvation Army subject to the Public Records Act when providing misdemeanor probation services pursuant to a county contract);Putnam County Humane Society, Inc. v. Woodward, 740 So. 2d 1238 (Fla. 5th DCA 1999) (where county humane society assumed the governmental function of investigating acts of animal abuse pursuant to statutory authority, records created and maintained relative to that function are governed by Public Records Act).