Dear Ms. Ruby:
On behalf of the City Commission of the City of Delray Beach, you have asked for my opinion on substantially the following question:
Is the Delray Beach Community Land Trust an agency within the scope of the Government in the Sunshine Law, section 286.011, Florida Statutes, and Florida's Public Records Law, Chapter 119, Florida Statutes?
The Delray Beach Community Land Trust, Inc., (the "trust" or the "corporation") is a Florida not-for-profit corporation incorporated in 2006 and organized for purposes specified in section 501(c)(3) of the Internal Revenue Code. As provided in its articles of incorporation, the private nonprofit corporation was created to secure affordable access to land and housing and to hold that land for the benefit of the community to ensure perpetual affordability of housing units within the area served by the trust.[1]
The trust is empowered to purchase or otherwise acquire, own, improve, and use real or personal property; to sell, convey, lease, transfer, or otherwise dispose of, or to mortgage or pledge or create a security interest in any or all of its property; to raise or solicit funds in furtherance of its charitable purposes; and to otherwise exercise all the powers of a non-profit corporation under Florida law.[2]
Membership in the corporation includes those who have attended at least one "organizing meeting" and those who lease land or housing from the corporation or who lease or own housing located on land leased by another entity from the corporation.[3]
The trust was established through a collaboration of the Delray Beach Housing Authority, the local community redevelopment agency, and the City of Delray Beach. While the city commission and the community redevelopment agency board were aware of and supportive of the formation of the trust, neither body officially appointed any initial board members and none of the current board members have been appointed by the city or by the housing authority. The community redevelopment board has appointed one current member to the board of the trust pursuant to a funding agreement.
For the past two years the trust has served as a sub-recipient for the State Housing Initiatives Partnership program under Part VII, Chapter 420, Florida Statutes, for the City of Delray Beach. The program was created
"for the purpose of providing funds to counties and eligible municipalities as an incentive for the creation of local housing partnerships, to expand production of and preserve affordable housing, to further the housing element of the local government comprehensive plan specific to affordable housing, and to increase housing-related employment."[4]
The act recognizes that "affordable housing is most effectively provided by combining available public and private resources to conserve and improve existing housing and provide new housing for very-low-income households, low-income households, and moderate-income households."[5]
The Legislature has expressed its intent that local governments achieve this combination of resources by encouraging active partnerships "between government, lenders, builders and developers, real estate professionals, advocates for low-income persons, and community groups to produce affordable housing and provide related services."[6] The act provides that eligible municipalities may designate, by ordinance, the responsibility for the administration of the local housing assistance plan. The ordinance may also provide for contracting all or part of the administrative functions or other functions of the program to a third person or entity.[7]
The Government in the Sunshine Law, section 286.011, Florida Statutes, requires that meetings of a public board or commission at which official acts are to be taken are to be open to the public. The test for whether the meetings of particular boards, councils, commissions, or similar entities are subject to section 286.011, Florida Statutes, has been judicially determined to be whether the board or council or other entity is subject to the dominion and control of the Legislature.[8] The statute has been held to extend to the discussions and deliberations of, as well as formal action taken by, a public board or commission.[9] In interpreting the Government in the Sunshine Law, the courts have stated that it was the intent of the Legislature to bind "every `board or commission' of the state, or of any county or political subdivision over which it has dominion and control."[10]
Additionally, for section 286.011, Florida Statutes, to apply to a particular meeting, two or more members of a body or other entity or group to which the Sunshine
Law applies must be present or there must have been delegation of decision-making by such a body to either a single member thereof or to an advisory group or committee used by the covered entity.[11]
Moreover, for any particular meeting to be covered, the subject matter discussed must consist, at least in part, of "foreseeable action." This term refers to matters on which it is foreseeable that action will be taken by a board subject to the Sunshine Law.[12]
A private organization that performs services for a public agency and receives compensation for these services is not, by virtue of that relationship alone, subject to section 286.011, Florida Statutes. Rather, the courts have generally considered whether there has been a delegation of the public agency's governmental or legislative functions or whether the private organization plays an integral part in the public agency's decision-making process.[13]
Much of the litigation involving application of the open government laws to private organizations has been in the area of public records, however, and the courts have frequently referred to Chapter 119, Florida Statutes, in determining the applicability of the Sunshine Law.[14]
Recent decisions by Florida courts to determine whether the open government laws apply to a private entity focus on whether the private entity is merely providing services to the public agency or whether it is standing in the shoes of the public agency. For example, the court inStanfield v. Salvation Army, [15] in holding a private corporation subject to Chapter 119, Florida Statutes, noted that a private corporation taking over the county's role as the provider of probation services "was not the provision of architectural services as inSchwab, but the complete assumption of a governmental obligation. Rather than providing services to the county, the Salvation Army provided services in place of the county."[16] (emphasis in original)
The Fifth District Court of Appeal in News-Journal Corporation v.Memorial Hospital-West Volusia, Inc., [17] reviewed the relationship between a hospital authority and the not-for-profit company leasing the public hospital's facilities. The court recognized a distinction between a contract in which the private entity provides services to a public body and a contract in which the private entity provides services in place of the public entity:
"If one merely undertakes to provide material — such as police cars, fire trucks, or computers — or agrees to provide services — such as legal services, accounting services, or other professional services — for the public body to use in performing its obligations, then there is little likelihood that such contractor's business operation or business records will come under the open meetings or public records requirements. On the other hand, if one contracts to relieve a public body from the operation of a public obligation — such as operating a jail or providing fire protection — and uses the same facilities or equipment acquired by public funds previously used by the public body then the privatization of such venture to the extent that it can avoid public scrutiny would appear to be extremely difficult, regardless of the legal skills lawyers applied to the task."[18]
The district court reversed the lower court's holding that the not-for-profit company was outside the scope of the Public Records Law and the Government in the Sunshine Law. The Florida Supreme Court approved the district court's opinion and reiterated that the hospital authority must provide access to its records and meetings because, as a governmental agency, it had delegated its authorized role to the not-for-profit company leasing the facilities.[19]
With specific regard to whether the Delray Beach Community Land Trust, Inc., is an agency subject to the Government in the Sunshine Law and the Public Records Law, I would note that the "Sub-Recipient Housing Partnership Agreement Between the City of Delray Beach and The Delray Beach Community Land Trust, Inc.," recognizes that "the City requires the services of a not-for-profit corporation to assist with providing decent, safe, and affordable housing (and suitable living environments), for households determined to be very low (1% — 50%), low (51% — 80%), and moderate (81% — 120%) income" and designates the trust as the provider of those services. The agreement also reflects the City's funding of construction financing through the trust under the provisions of the State Housing Initiatives Partnership Program. The duties and responsibilities of the trust in participating in the "Sub-Recipient Housing Partnership Agreement" include implementing the income-eligibility process outlined in the "State Housing Initiatives Partnership, SHIP Program Manual" and submitting eligible recipient files to the city. The corporation is required to ensure that applicants meet criteria supplemental to the income eligibility guidelines. Thus, it appears that the Delray Beach Community Land Trust, Inc., has contracted with the city to accomplish the city's responsibilities to provide affordable housing for certain households. The trust also reviews and screens applicant files for those who wish to participate in the city's affordable housing program and so acts as an integral part of the city's decision-making process in determining applicant eligibility. I would note that the City maintains its authority to approve or deny individual applicant files for any applicant requesting subsidy assistance from the city.[20] The Delray Beach Community Land Trust, Inc., conducts its activities from city office space for which it pays nothing and the city provides the trust with an office supplies appropriation. Substantial funding of the activities of the trust are received through the City of Delray Beach and the local community redevelopment agency.
You have expressed your opinion that the Delray Beach Community Land Trust,
Inc., comes within the scope of Florida's open government laws and I concur with your opinion. Based on a consideration of the factors discussed herein, in light of the Stanfield and theNews-Journal cases, and recognizing that the Sunshine and Public Records laws must be broadly construed in favor of public access, [21] it is my opinion that the Delray Beach Community Land Trust, Inc., is an agency within the scope of the Government in the Sunshine and the Public Records Laws.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See Art. II, s. 2.1 a. — d., Articles of Incorporation of Delray Beach Community Land Trust, Inc.
[2] See id., s. 2.2 a. — e.
[3] Article III, Articles of Incorporation of Delray Beach Community Land Trust, Inc.
[4] Section 420.9072, Fla. Stat.
[5] Section 420.9072(1)(a), Fla. Stat.
[6] Id.
[7] Section 420.9072(2)(b), Fla. Stat.
[8] City of Miami Beach v. Berns, 245 So. 2d 38 (Fla. 1971); TimesPublishing Company v. Williams, 222 So. 2d 470 (Fla. 2d DCA 1969).
[9] Times Publishing Company, id.
[10] Supra n. 9.
[11] See generally Hough v. Stembridge, 278 So. 2d 288 (Fla. 3d DCA 1973); Town of Palm Beach v. Gradison, 296 So. 2d 473, 477 (Fla. 1974); Ops. Att'y. Gen. Fla. 95-60 (1995), 85-55 (1985), and 74-294 (1974).
[12] See Board of Public Instruction of Broward County v. Doran,224 So. 2d 693 (Fla. 1969); Canney v. Board of Public Instruction of AlachuaCounty, 278 So. 2d 260 (Fla. 1973); Ops. Att'y. Gen. Fla. 93-79 (1993) and 81-88 (1981).
[13] And see IDS Properties, Inc. v. Town of Palm Beach,279 So. 2d 353 (Fla. 4th DCA 1973), wherein the court held that there was no government by delegation exception to the Government in the Sunshine Law by undertaking to delegate the conduct of public business through the use of an alter ego.
[14] See generally Marston v. Gainesville Sun Publishing Company,Inc., 341 So. 2d 783 (Fla. 1st DCA 1976), cert. denied, 352 So. 2d 171
(Fla. 1977); Cape Coral Medical Center, Inc. v. News-Press PublishingCompany, Inc., 390 So. 2d 1216, 1218 n. 5 (Fla. 2d DCA 1980) (inasmuch as the policies behind Ch. 119 and s. 286.011 are similar, they should be read together); Wood v. Marston, 442 So. 2d 934, 938 (Fla. 1983); andKrause v. Reno, 366 So. 2d 1244 (Fla. 3d DCA 1979).
[15] 695 So. 2d 501, 503 (Fla. 5th DCA 1997).
[16] Id. at 503.
[17] 695 So. 2d 418 (Fla. 5th DCA 1997).
[18] 695 So. 2d at 420 (Fla. 5th DCA 1997).
[19] News-Journal Corporation, id., approved, 729 So. 2d 373 (Fla. 1999).)
[20] See, s. II.A.1.a.4), Sub-Recipient Housing Partnership Agreement Between the City of Delray Beach and The Delray Beach Community Land Trust, Inc.
[21] See e.g., Wood v. Marston, 442 So. 2d 934 (Fla. 1983); Town ofPalm Beach v. Gradison, 296 So. 2d 473 (Fla. 1974); Board of PublicInstruction of Broward County v. Doran, 224 So. 2d 693, 699 (Fla. 1969) (statute should be broadly construed to effect its remedial and protective purpose).