McCORD, Judge.
Appellants appeal the trial court’s denial of their petition for attorney’s fees pursuant to Section 119.12(1), Florida Statutes. We affirm.
Appellant radio station WFSH of Nice-ville, demanded from appellee City of Nice-ville access to all election records pertaining to a certain city election. The city clerk, on the advice of the city attorney and in the presence of WFSH’s reporter, called the State Superintendent of Elections who advised that a court order was needed before supplying the records. WFSH then brought an action for access to the records under the Florida Public Records Act, Chapter 119, Florida Statutes. The city immediately tendered the records into the protection and direction of the court stating that “the defendants do not object to the plaintiffs’ request, provided that it is legally valid and lawfully proper.” The trial judge allowed appellant access to the records. WFSH then filed a motion for assessment of attorney’s fees and court costs under Section 119.12(1), Florida Statutes, which provides:
Whenever an action has been filed against an agency to enforce the provisions of this Chapter and the court determines that such agency unreasonably refused to permit public records to be inspected, the court shall assess a reasonable attorney’s fee against such agency. (Emphasis supplied.)
The trial court determined that the city had not acted unreasonably and denied the motion.
Section 106.23(2) provides:
The Division of Elections shall provide advisory opinions when requested by any supervisor of elections, candidate, local officer having election related duties ..., or other person or organization engaged in political activity, relating to any provisions or possible violations of Florida election laws with respect to actions such supervisor, ... has taken or proposes to take.... The opinion, until amended or revoked, shall be binding on any person or organization who sought the opinion or with reference to whom the opinion was sought, unless material facts were omitted or misstated in the request for the advisory opinion. (Emphasis supplied.)
Although the State Supervisor of Election’s advice was incorrect, the city was justified, pursuant to the above statute, and therefore did not act unreasonably, in relying upon that advice and in withholding the election records in question until a ruling could be obtained from the trial court. Consequently, the trial court did not abuse its discretion in determining that WFSH is not entitled to attorney’s fees pursuant to Section 119.12(1), Florida Statutes.
AFFIRMED.
BOOTH and WENTWORTH, JJ., concur.