808 So.2d 1268 (2002)
KNIGHT RIDDER, INC., as publisher of the Miami Herald, Appellant,
v.
DADE AVIATION CONSULTANTS, a joint venture, Appellee.
No. 3D01-1461.
District Court of Appeal of Florida, Third District.
March 6, 2002.
*1269 Steel Hector & Davis and Alvin B. Davis and Nikki B. Lewis, Miami, for appellant.
Tew Cardenas Rebak Kellog Lehman DeMaria Tague Raymond & Levine and C. Thomas Tew and Joseph A. DeMaria and William T. McCauley, Miami; Carlton Fields and Benjamine Reid, Miami, and Robert E. Biasotti, St. Petersburg, for appellee.
Before SCHWARTZ, C.J., and JORGENSON, J., and NESBITT, Senior Judge.
SCHWARTZ, Chief Judge.
In Dade Aviation Consultants v. Knight Ridder, Inc., 800 So.2d 302 (Fla. 3d DCA 2001), we affirmed an order requiring Dade Aviation Consultants to produce public records of payments to its lobbyists to the Miami Herald. The trial court, however, denied the Herald costs and reasonable attorney's fees claimed under section 119.12(1), Florida Statutes (2000),[1] on the ground that the agency had not "unlawfully" declined initially to produce the materials. The Herald appeals and we reverse.
Entitlement to fees under the statute is based upon whether the public entity had a "reasonable" or "good faith" belief in the soundness of its position in refusing production. See New York Times Co. v. PHH Mental Health Services, Inc., 616 So.2d 27 (Fla.1993); Stanfield v. Salvation Army, 695 So.2d 501 (Fla. 5th DCA 1997); *1270 Harold v. Orange County, 668 So.2d 1010 (Fla. 5th DCA 1996). We have no doubt that the trial court abused its discretion in determining that Aviation Consultants actually did or reasonably could have maintained any such position. The record shows directly to the contrary.
Although it had long recognized its obligations under Chapter 119 by providing indistinguishable records to the media on numerous occasions without objection, it attempted to withhold what it apparently regarded as the embarrassing information involved here, by raisingboth before and during the litigation and in both the trial court and this oneone flimsy and indeed transparent excuse after another in defense of its position: a pattern of conduct which amounted to the very definition of stonewalling.
The correctness of our holding is perhaps best demonstrated by the fact that the factor upon which the appellee most heavily relies completely belies its position. Specifically, the primary, if not the only, basis for its claim of good faith is an opinion of "independent" counsel it secured to support its claim. The opinion, however, cannot serve this purpose because no "full and complete disclosure" of the operative facts upon which its legal conclusions depended was ever made to counsel. See Glass v. Parrish, 51 So.2d 717 (Fla.1951); Adler v. Segal, 108 So.2d 773 (Fla. 3d DCA 1959), cert. denied, 113 So.2d 834 (Fla.1959); Williams v. Confidential Credit Corp., 114 So.2d 718 (Fla. 3d DCA 1959); Paulk v. Buczynski, 106 So.2d 100 (Fla. 2d DCA 1958). Indeed, it misled counsel by withholding, only for example, the actual agreement between the consultants and the lobbyists which demonstrated that their duties were in fact not related to any private function, as counsel opined. See Dade Aviation Consultants, 800 So.2d at 302. Thus, in this, and in many other respects as well, the opinion was based on assertions known to Aviation Consultants to be contrary to the actual facts. In these circumstances, we apply the rule that attempts such as this to create a false basis for one's legal position not only do not demonstrate good faith, see United States v. Condon, 132 F.3d 653 (11th Cir.1998), cert. denied, 523 U.S. 1088, 118 S.Ct. 1547, 140 L.Ed.2d 694 (1998), but provide affirmative evidence of actual criminal responsibility. Douglas v. State, 89 So.2d 659 (Fla.1956); Walker v. State, 495 So.2d 1240 (Fla. 5th DCA 1986); Brown v. State, 391 So.2d 729 (Fla. 3d DCA 1980); 2 Wigmore, Evidence § 278 (Chadbourn rev.1979).
The order under review is reversed and the cause remanded with directions to make an appropriate award of attorney's fees and costs.
Reversed.
NOTES
[1] 119.12 Attorney's fees.

(1) If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected, examined, or copied, the court shall assess and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorneys' fees.