832 So.2d 712 (2002)
In re REPORT AND RECOMMENDATIONS OF THE JUDICIAL MANAGEMENT COUNCIL OF FLORIDA ON PRIVACY AND ELECTRONIC ACCESS TO COURT RECORDS.
No. SC02-659.
Supreme Court of Florida.
November 7, 2002.
Honorable Jacqueline R. Griffin, Judge, Fifth District Court of Appeal, Daytona Beach, FL, on behalf of the Judicial Management Council of Florida.
Jonathan D. Kaney, Jr. of Cobb, Cole & Bell, Daytona Beach, FL, on behalf of Attorneys for First Amendment Foundation; Daniel Nestel, Director, State Government Affairs, Washington, DC, on behalf of Lexis Nexis, a division of Reed Elsevier, Inc.; Lucy Dalglish, Executive Director, Arlington, VA, on behalf of the Reporters Committee for Freedom of the Press; William O'Neil, Longboat Key, FL; and Steven G. Mason, Orlando, FL, Responding.
HARDING, Senior Justice.
This matter is before the Court based on the December 17, 2001, submission of the report entitled "Privacy and Electronic Access to Court RecordsReport and Recommendations" by this Court's Judicial Management Council ("Council"). We have jurisdiction. See art. V, § 2(a), Fla. Const.
The balancing of individual privacy rights against access to court records has been made increasingly difficult in the context *713 of electronic transmission of documents. This is especially so in Florida, where open access to public records is both a constitutional right and a cornerstone of our political culture. See art. I, § 24, Fla. Const. The problem becomes more acute when court records are stored electronically and are widely available to the general public via the Internet. Therefore, as part of this Court's 2000-2002 operational plan, we requested that the Council examine issues relating to balancing privacy interests and the public's access to information in the context of the electronic access to court records.[1]
In particular, the following questions were posed to the Council as part of its preliminary inquiry into the issue of electronic access to court records:
1. Does the Supreme Court have a role in formulating statewide policies on access to court records, or does responsibility for policy in this area rest elsewhere?
2. If the Court does have a responsibility to develop statewide policies, what steps should be taken to ensure that such policies are developed and implemented?
3. If statewide policies are to be developed, should there be a moratorium on electronic access to certain court records until such policies are developed and implemented?
In addressing these questions, the Council educated itself through a series of workshops which included a teleconference discussion with Justice John Dooley of the Vermont Supreme Court, who led a policy development committee in that state and is a national leader in this area; a presentation by Hayden Dempsey, Deputy General Counsel, Office of the Governor, who staffed the Governor's Task Force on Privacy and Technology; and a video conference discussion with staff of the Administrative Office of the United States Courts with responsibility for developing policy for the federal courts. The Council also received a demonstration tour of the Charlotte County Clerk of Court website, consulted by teleconference with Alan Carlson of the Justice Management Institute, and heard comments from Karl Youngs, General Counsel to the Manatee County Clerk of Court, and Walt Smith, Court Administrator of the Twelfth Judicial Circuit. The Council ultimately formed an ad hoc workgroup that met on three occasions via video-teleconference to specifically address these three questions.[2] On April 15, 2002, the Council's report was published in The *714 Florida Bar News, and interested persons were invited to comment on the Council's report and recommendations.[3]
In its report, the Council recognizes that while there are great benefits to gained by providing electronic access to records (e.g., more convenient access to court records; greater openness and accountability; cost efficient storage and retrieval of information; and improved operational efficiencies via simultaneous access of information), serious concerns are presented regarding confidentiality, privacy, and the administration of the courts. As the Council points out in its report,
Perhaps no part of government gathers a range of information that is as broad or as intimate as that gathered by the courts. The sensitive nature of information in court files must be carefully considered as Florida contemplates electronic access to court records.
Council Report at 2.
Indeed, digital storage and transfer of information changes how information can be manipulated and retrieved. Previously obscure information can be located quickly and anonymously for essentially no cost. This expanded capability permits personal information to be copied, transmitted, and analyzed in ways previously impossible or impracticable. These and other issues raise deep concerns about the use of information for purposes other than those for which the information was initially provided.
Two specific areas of concern noted by the Council are as follows: (1) while information that is made confidential by statute or court rule is contained in many court documents, it does not appear at present that the clerks of court have in place reliable mechanisms to identify such information and protect it from disclosure; and (2) court records also contain a great deal of information which is not confidential or exempt from the right of access, but which is nonetheless of a very sensitive or problematic nature. Increased availability of such records may have negative long-term effects, including an undermining of the very ability of the courts to administer justice.
The introduction of technologies which allow remote, electronic access to court records is upsetting the tentative balance between privacy and access. The increased availability of court records with the concomitant risks of exposure of personal information and interference with the administration of justicebecomes a new factor to be added to the balance. In light of the increased availability that electronic access promises, the existing statutory, court rule, and policy framework must be examined to see if it is adequate to support the achievement of a new balance.
Council Report at 25.
Accordingly, the Council recommends that based upon this Court's broad responsibility under article V, section 2, of the Florida Constitution for the administrative supervision of all courtsincluding setting policies regarding court records, it should be directed by this Court to oversee the development of policy and recommendations *715 in this area. Along these lines, the Council recommends that it should create a committee for the purposes of addressing this specific issue and, following a policy development process, it should advance specific substantive recommendations to this Court, including proposed rules of court.
We agree that, in the management of court records, information protected by statute or court rules must remain secure from improper disclosure. Furthermore, in addressing this issue, we must ensure that public trust and confidence in the courts is not undermined, citizens' privacy rights are respected, and access and privacy policies are consistently applied in all parts of the state. Therefore, we agree that the potential impacts of electronic access must be considered and that comprehensive policies that set out guidelines on electronic access to court records must be developed and uniformly implemented.
While no party disputes that this Court has a role in formulating statewide policies on access to Court records, we are also mindful of the Legislature's parallel initiative in forming and funding a study committee, including members of the judiciary, to specifically examine electronic access to court records.[4] Thus it appears that any effort proposed by the Council on this Court's behalf would likely only be redundant to the Legislature's Study Committee on Public Records.[5]
We also recognize that CS/SB 1679 establishes a temporary limited moratorium on unrestricted electronic access of court records, which prohibits any clerk from placing on a publicly available Internet website an image or copy of an official record if that image or copy is of (1) a military discharge; (2) a death certificate; or (3) a court file, record, or paper relating to matters or cases governed by the Florida Family Law Rules of Procedure, the Florida Rules of Juvenile Procedure, or the Florida Probate Rules, until appropriate policies are developed. See ch.2002-302, § 2, Laws of Fla. We agree that such a moratorium is appropriate and will substantially reduce the risk of inadvertent disclosure of exempt information until appropriate policies are developed and uniformly implemented.
Accordingly, we defer any decision concerning the Council's recommendations pending the completion of the report by the Study Committee on Public Records as established by CS/HB 1679 during the 2002 Legislative Session.[6]
It is so ordered.
*716 ANSTEAD, C.J. and SHAW, WELLS, PARIENTE and QUINCE, JJ., concur.
LEWIS, J., concurs in part and dissents in part with an opinion.
LEWIS, J., concurring in part and dissenting in part.
The majority outlines some of the important reasons for concern with regard to electronic access and dissemination of highly sensitive information from judicial records, but proceeds to only defer action. In my view, we do and should have a significant role in formulating policy in this area with regard to court records and we should respond accordingly. Second, we should not only support the legislative steps directed to the protection of Florida citizens, but we should also move forward with a blue-ribbon committee from the judicial perspective with Florida expertise in this rapidly expanding area of technology. This is an area which involves serious and complex issues which, when resolved, will impact all Floridians having contact with this branch of government. While I do not encourage any unnecessary duplications of effort or expenditures, the subject is far too important to simply defer to others without active analysis.
NOTES
[1] See Objective IV D of Horizon 2002, The 2000-2002 Operational Plan for the Florida Judicial Branch, Florida Supreme Court, June 2000 ("Policies controlling electronic access to court records should be examined and policy adjustments considered that appropriately balance public access to information and the privacy interests of litigants.").
[2] A workgroup was assembled that included the following individuals: The Honorable Jacqueline Griffin, Judge, Fifth District Court of Appeal; The Honorable Jerry Parker, Judge, Second District Court of Appeal; The Honorable Catherine Brunson, Circuit Judge, Fifteenth Judicial Circuit; The Honorable Judith Kreeger, Circuit Judge, Eleventh Judicial Circuit; The Honorable Sheri Chappel, County Court Judge, Lee County; The Honorable Christina Pereyra Shuminer, County Court Judge, Dade County; The Honorable Elijah Smiley, County Court Judge, Bay County; Mr. Thomas D. Hall, Clerk of Court, Florida Supreme Court; Mr. Walt Smith, Court Administrator. Twelfth Judicial Circuit; Mr. Mark Weinberg, Court Administrator, Seventh Judicial Circuit; Mr. Fred Dudley, Attorney; and Ms. Barbara Peterson, First Amendment Foundation. Staff support was provided to the workgroup by: Mr. Stephan Henley, Court Operations Consultant, Strategic Planning, Office of the State Courts Administrator, and Ms. Elaine New, Senior Attorney, Legal Affairs, Office of the State Courts Administrator. The Court wishes to extend its sincere appreciation to the Council and, in particular, members and support staff of this workgroup for their hard work and diligence in reporting on this very important matter.
[3] The following persons or organizations submitted comments for this Court's consideration: Mr. Steven G. Mason, Attorney (Orlando, Fla.); Mr. Daniel Nestel, Director, State Government Affairs, LexisNexis (Washington, D.C.); Mr. William O'Neil, Attorney (Longboat Key, Fla.); Ms. Lucy Dalgish, Executive Director, The Reporters Committee for Freedom of the Press (Arlington, Va.); and Mr. Jonathan D. Kaney, Attorney, First Amendment Foundation (Daytona Beach, Fla.). We wish to extend our appreciation to each of these parties for their submissions.
[4] The provisions of CS/HB 1679 became law upon approval of the governor on June 5, 2002, see ch.2002-302, Laws of Fla., and it creates a twenty-one member Study Committee on Public Records to comprehensively address issues regarding electronic access to court records and requires a report to the Legislature by January 1, 2003.
[5] It should also be noted that the Conference of Chief Justices and the Conference of State Court Administrators Joint Court Management Committee has been exploring issues of privacy and access as presented in model state court policies. A project of the Justice Management Institute and the National Center for State Courts, with support of the State Justice Institute, is underway to develop a model policy concerning electronic access to court records. The purpose of the model policy is to assist and guide state judiciaries and local courts in drafting their own policies on public access to electronic court records. During Phase I of this project, a draft policy was developed along with supplemental commentary and materials. Phase II was scheduled to include a public comment period from February 15, 2002, to April 30, 2002, as well as two public hearings in April 2002. The final draft model policy was presented and approved at the annual meeting of the Conference of Chief Justices and the Conference of State Court Administrators in July 2002.
[6] It was reported at oral argument that, at least in some instances, clerks have posted court record information on the Internet containing information that has been classified as exempt by the Legislature. This practice is unacceptable as it clearly violates the statutory provisions that protect against the release of exempt information.