ORFINGER, J.
 

 .Greater Orlando Aviation Authority (“GOAA”) owns and operates the Orlando International Airport. As a recipient of federal transportation funds, it is required to grant certain contract preferences to Disadvantaged Business Enterprises (“DBEs”).
 
 See
 
 49 C.F.R. Part 26. In order to qualify as a DBE, the applicant must demonstrate, among other things, that she has a personal net worth of no more than $750,000. Generally, an applicant submits a personal net worth statement with appropriate supporting documentation to GOAA in support of a DBE application. 49 C.F.R. § 26.67(a)(2)(i) & (ii).
 

 Hojeij Branded Foods, Inc., and its principal, Carol Hojeij, sought to be certified by GOAA as a DBE. As required, Ms. Hojeij filed a personal net worth statement and supporting documentation with GOAA. Some time thereafter, Nejame, Lafay, Jan-cha, Vara, Barker, Joshi, P.A. (“Nejame, Lafay”) made a public records request to GOAA, asking them to produce
 

 [a]ll legal memoranda and/or reports, regardless of their physical form, drafted and/or prepared by Douglas Starch-er, Esquire, and/or Ometrias Deon Long, Esquire, between May 8, 2007 and June 29, 2007, and addressed to and/or copying Messrs. Steve Gardner, Kevin Dillon, Robert L. Gilbert, and/or C. Christian Schmidt at GOAA, in connection with, and in any way relating to, Hojeij Branded Foods, Inc. and its eligibility and/or ineligibility for DBE certification with and/or by GOAA.
 

 In its response, GOAA admitted that one such document existed, but declined to provide it, citing the right of privacy granted to DBE applicants found in 49 C.F.R. § 26.67(a)(2)(iv). That regulation provides, in pertinent part, “Notwithstanding any provision of Federal or state law, you must not release an individual’s personal net worth statement
 
 nor any documentation supporting it
 
 to any third party without the written consent of the submitter.” 49 C.F.R. § 26.67(a)(2)(iv) (emphasis added).
 

 Nejame, Lafay subsequently filed an action in the circuit court seeking an order compelling GOAA to produce the requested document pursuant to the Public Records Act, Chapter 119, Florida Statutes (2008).
 
 [1]
 
 GOAA responded by asking the trial court to review the document
 
 in camera
 
 to determine if the document was exempt from disclosure under the regulation. After doing so, the trial court ordered that the document be produced and GOAA now appeals.
 
 [2]
 

 
 *43
 
 Because this matter involves a pure question of law, our review is de novo.
 
 BellSouth Telecomm., Inc. v. Meeks,
 
 863 So.2d 287, 289 (Fla.2003). GOAA has the burden of proving that an exemption to its general duty to produce documents under the Public Records Act applies in this case. § 119.07(l)(e), Fla. Stat. (2008). Under the Florida Public Records Act and the Federal Freedom of Information Act, the public has a broad right to inspect the records of public bodies absent a clear and specific exemption from disclosure. “Courts are not authorized to create exemptions from disclosure or to read into laws exemptions not clearly created by Congress or by the State Legislature.”
 
 Housing Auth. of City of Daytona Beach v. Gomillion,
 
 639 So.2d 117, 121 (Fla. 5th DCA 1994).
 

 GOAA does not contend that the document Nejame, Lafay seeks is Ms. Ho-jeij’s personal net worth statement. Rather, it contends that it is documentation supporting her net worth. We disagree with GOAA’s position. Like the trial court, we have examined the document and conclude that the legal memo written by one GOAA attorney to another is not “documentation supporting” Ms. Hojeij’s worth as contemplated by the regulation.
 
 [3]
 
 The document is a general analysis of whether Ms. Hojeij is entitled to deduct a loan request made to a bank from the calculation of her net worth when determining whether she is eligible for the DBE program. Only generally does the memo refer to Ms. Hojeij’s net worth as exceeding the $750,000 cutoff for DBE eligibility. Consequently, we conclude that the memo is not exempt from production under 49 C.F.R. § 26.67(a)(2)(iv). What is not clear is whether the attachment to the memo, a letter from Omni National Bank to “To Whom It May Concern” dated June 14, 2007, constitutes “documentation supporting” (or, perhaps refuting) Ms. Hojeij’s net worth, as the record is silent as to who, and under what circumstances, the document was produced and for what purpose.
 
 [4]
 

 For these reasons, we affirm the trial court’s order requiring GOAA to provide Nejame, Lafay with a copy of the memo, excluding the attachment from Omni National Bank. As to the attachment, the trial court shall conduct further proceedings to determine if the attachment constitutes “documentation supporting” Ms. Hojeij’s net worth. If the trial court concludes that it is such documentation, it shall be exempt from production. 49 C.F.R. § 26.67(a)(2)(v). Finally, we deny Nejame, Lafay’s request for attorney’s fees as we conclude that GOAA did not act unreasonably or in bad faith in refusing production.
 
 See Knight Ridder, Inc. v. Dade Aviation Consultants,
 
 808 So.2d 1268 (Fla. 3d DCA 2002);
 
 WFSH of Niceville v. City of Niceville,
 
 422 So.2d 980 (Fla. 1st DCA 1982).
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 GRIFFIN and COHEN, JJ., concur.
 

 [1]
 

 . Though styled as a complaint for injunctive relief, substantively Nejame, Lafay's complaint was a petition for writ of mandamus, the remedy generally sought to compel the production of a public document.
 
 See generally Mazer v. Orange County,
 
 811 So.2d 857 (Fla. 5th DCA 2002).
 

 [2]
 

 . GOAA filed a petition for writ of certiorari with this Court. Because the trial court's order requiring the document’s production is final, we elect to treat this matter as an appeal.
 
 See Mazer,
 
 811 So.2d at 858-59.
 

 [3]
 

 . We do not determine if attorney client privilege applies to shield the document from disclosure as GOAA has not asserted that position.
 

 [4]
 

 . Our review is further complicated because the copy of the Omni Bank letter submitted as part of the record under seal is largely illegible.