PER CURIAM.
We reverse the order denying appellant’s motion for attorney’s fees. Section 119.12, Florida Statutes (2009), authorizes an award of fees when an agency has “refused to permit a public record to be inspected or copied” in violation of chapter 119. Although fees are not warranted when the entity in charge of the public records at issue was reasonably and understandably unsure of its status as an agency, New York Times Co. v. PHH Mental Health Services, Inc., 616 So.2d 27 (Fla.1993), there is no comparable requirement when agency status is not in doubt, nor has there been since the 1984 amendment of section 119.12, when the legislature removed the necessity of showing that an agency “unreasonably” refused inspection of public records. See, e.g., Johnson v. Jarvis, 74 So.3d 168 (Fla. 1st DCA 2011); Weeks v. Golden, 764 So.2d 633 (Fla. 1st DCA 2000); Office of State Attorney for the Thirteenth Judicial Circuit of Fla. v. Gonzalez, 953 So.2d 759 (Fla. 2d DCA 2007). Accordingly, the lower court erred as a matter of law by concluding that the agency had violated section 119.07 by refusing to disclose certain records, yet plaintiff was not entitled to attorney’s fees because the agency’s violation was neither knowing, willful, nor done with malicious intent. As the supreme court observed in PHH, “refusal by an entity that is clearly an agency within the meaning of chapter 119 will always constitute unlawful refusal.” PHH, 616 So.2d at 29.
REVERSED and REMANDED.
PADOVANO, CLARK, and SWANSON, JJ., concur.