# Supreme Court of Florida

_____

No. SC13-1315
_____

**BOARD OF TRUSTEES, JACKSONVILLE POLICE & FIRE PENSION FUND, etc.,**
Petitioner,

vs.

**CURTIS W. LEE,**
Respondent.

[April 14, 2016]

PARIENTE, J.

In this case, we consider whether a prevailing party is entitled to an award of statutory attorney's fees under Florida's Public Records Act after the trial court determines in a civil action that the public agency violated the Public Records Act in failing to permit a public record to be inspected or copied. In Lee v. Board of Trustees, Jacksonville Police & Fire Pension Fund, 113 So. 3d 1010, 1010 (Fla. 1st DCA 2013), the First District Court of Appeal concluded that attorney's fees should have been awarded after a finding that the public agency imposed conditions that were in violation of the Public Records Act, even though the "agency's violation was neither knowing, willful, nor done with malicious intent."

Id. Like the First District, the Second District Court of Appeal has concluded that there is no "good faith" or "honest mistake" exception to a statutory award of attorney's fees when the public agency has violated the Public Records Act. See Office of State Att'y for Thirteenth Jud. Cir. of Fla. v. Gonzalez, 953 So. 2d 759, 765 (Fla. 2d DCA 2007).

To the contrary, the Third, Fourth, and Fifth District Courts of Appeal have all construed the attorney's fee provision of the Public Records Act to require a showing that the public agency acted unreasonably or in bad faith before attorney's fees can be awarded. See Althouse v. Palm Beach Cty. Sheriff's Office, 92 So. 3d 899, 902 (Fla. 4th DCA 2012); Greater Orlando Aviation Auth. v. Nejame, Lafay, Jancha, Vara, Barker, 4 So. 3d 41, 43 (Fla. 5th DCA 2009); Knight Ridder, Inc. v. Dade Aviation Consultants, 808 So. 2d 1268, 1269 (Fla. 3d DCA 2002). We have jurisdiction to resolve this conflict. See art. V, § 3(b)(3), Fla. Const.[1]

In accordance with case law liberally construing the Public Records Act in favor of open access to public records, the reasonable statutory construction of the

---

1. A joint amicus curiae brief in support of the Respondent, Curtis W. Lee, who was the plaintiff in the trial court, was filed by The First Amendment Foundation, Inc.; Florida Press Association; Florida Scholastic Press Association; Society of Professional Journalists; Dr. Sandra F. Chance, J.D., individually and as Executive Director of the Brechner Center for Freedom of Information; Creative Loafing Tampa, LLC; Times Publishing Company; Media General Operations, Inc., d/b/a WFLA-TV; Dennis A. Ribaya; WPLG, Inc.; Cox Media; and Patrick Lynch.

attorney's fee provision, and the letter and spirit of the constitutional right to inspect or copy public records, we hold that a prevailing party is entitled to statutory attorney's fees under the Public Records Act when the trial court finds that the public agency violated a provision of the Public Records Act in failing to permit a public record to be inspected or copied. There is no additional requirement, before awarding attorney's fees under the Public Records Act, that the trial court find that the public agency did not act in good faith, acted in bad faith, or acted unreasonably. Accordingly, we approve <u>Lee</u> and <u>Gonzalez</u> to the extent they are consistent with our analysis and disapprove <u>Althouse</u>, <u>Greater Orlando</u>, and <u>Knight Ridder</u> to the extent that those cases require a showing that the public agency acted unreasonably or in bad faith before allowing recovery of attorney's fees under the Public Records Act.

### FACTS AND PROCEDURAL HISTORY

This case arises out of a written request by Curtis W. Lee for public records from the Board of Trustees, Jacksonville Police & Fire Pension Fund ("Pension Fund"). Following Lee's request, disputes arose about the conditions the Pension Fund imposed before allowing Lee to inspect and photocopy the records. Lee refused to comply with the conditions imposed by the Pension Fund and was not permitted to inspect or copy the records at the arranged time.

Eventually, Lee sought declaratory relief pursuant to section 86.011, Florida Statutes (2009), alleging that certain conditions and fees imposed by the Pension Fund prior to allowing him to inspect or copy the public records he requested were not legally valid. After a bench trial, the trial court found some of the actions and charges of the Pension Fund to be proper but determined that two conditions—an hourly photocopying fee and an hourly supervisory fee—were imposed in violation of provisions of section 119.07, Florida Statutes (2009), which governs the fees, inspection, and copying of public records.

The Pension Fund appealed to the First District, which affirmed the trial court's final declaratory judgment without a written opinion. Bd. of Trs. v. Lee, 110 So. 3d 443 (Fla. 1st DCA 2013) (table decision). The merits of that decision are not currently before us, as that decision is the law of the case. See Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101, 105 (Fla. 2001).

Lee also moved for attorney's fees under section 119.12, Florida Statutes (2009), which provides for an award of attorney's fees "[i]f a civil action is filed against an agency to enforce the provisions of [the Public Records Act] and if the court determines that such agency unlawfully refused to permit a public record to be inspected or copied." The trial court denied Lee's request for attorney's fees, explaining that since the Pension Fund's violations of the Public Records Act were "not knowing, willful or done with a malicious intent," they "did not amount to an

- 4 -

'unlawful refusal,' " as is required for an award of attorney's fees under section 119.12.

Lee timely appealed the denial of his motion for attorney's fees to the First District, which reversed the trial court's order. Lee, 113 So. 3d at 1010. The First District provided the following reasoning in support of its decision:

> Although fees are not warranted when the entity in charge of the public records at issue was reasonably and understandably unsure of its status as an agency, New York Times Co. v. PHH Mental Health Services, Inc., 616 So. 2d 27 (Fla. 1993), there is no comparable requirement when agency status is not in doubt, nor has there been since the 1984 amendment of section 119.12, when the legislature removed the necessity of showing that an agency "unreasonably" refused inspection of public records. See, e.g., Johnson v. Jarvis, 74 So. 3d 168 (Fla. 1st DCA 2011); Weeks v. Golden, 764 So. 2d 633 (Fla. 1st DCA 2000); Office of State Attorney for the Thirteenth Judicial Circuit of Fla. v. Gonzalez, 953 So. 2d 759 (Fla. 2d DCA 2007). Accordingly, the lower court erred as a matter of law by concluding that the agency had violated section 119.07 by refusing to disclose certain records, yet plaintiff was not entitled to attorney's fees because the agency's violation was neither knowing, willful, nor done with malicious intent. As the supreme court observed in PHH, "refusal by an entity that is clearly an agency within the meaning of chapter 119 will always constitute unlawful refusal." PHH, 616 So. 2d at 29.

Id. We granted review and now approve the First District's decision based on the following analysis.

**ANALYSIS**

The focus of our analysis is the explicit language of section 119.12—the attorney's fee provision of Florida's Public Records Act—which provides:

> If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected or copied, the court shall assess and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorneys' fees.

§ 119.12, Fla. Stat. (2009). This is an issue of statutory interpretation, which this Court reviews de novo. See Citizens Prop. Ins. Corp. v. Perdido Sun Condo. Ass'n, 164 So. 3d 663, 666 (Fla. 2015).

## I. The Public Records Act

The Florida Constitution provides individuals with "the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution." Art. I, § 24(a), Fla. Const. The legislative implementation of this constitutional mandate is codified in chapter 119, Florida Statutes, the "Public Records Act." The Public Records Act declares that "[i]t is the policy of this state that all state, county, and municipal records are open for personal inspection and copying by any person." § 119.01(1), Fla. Stat (2009). As provided in the Public Records Act, "[e]very person who has custody of a public

record shall permit the record to be inspected and copied by any person desiring to do so." § 119.07(1)(a), Fla. Stat.

Florida courts have articulated that the purpose of the Public Records Act, in broad terms, is "to open public records to allow Florida's citizens to discover the actions of their government." Bent v. State, 46 So. 3d 1047, 1049 (Fla. 4th DCA 2010) (quoting Christy v. Palm Beach Cty. Sheriff's Office, 698 So. 2d 1365, 1366 (Fla. 4th DCA 1997)). This Court, in particular, has described the right of access to public records as a "cornerstone of our political culture." In re Report & Recommendations of Judicial Mgmt. Council of Fla. on Privacy & Elec. Access to Court Records, 832 So. 2d 712, 713 (Fla. 2002).

Yet, this access is not so broad that it is completely unfettered. Access to public records is subject to various statutory conditions and exemptions. See, e.g., § 119.071, Fla. Stat. (2009) (listing general exemptions); § 119.07, Fla. Stat. (describing various "reasonable conditions" to which the availability of public records are subject).

If a public record is not made available for inspection or copying in accordance with the provisions of the Public Records Act, the Legislature has provided for enforcement through a civil action, with an "immediate hearing" that is given priority over other pending court cases. § 119.11(1), Fla. Stat. (2009). In other words, an accelerated civil action plays a critical role in the enforcement of

the Public Records Act, as is reflected in the title of section 119.11—"Accelerated

hearing; immediate compliance." § 119.11, Fla. Stat.

## II. Section 119.12, Florida Statutes

The Legislature has also provided, through section 119.12, for an award of

attorney's fees under the Act when a court determines that the agency "unlawfully

refused" to permit a public record to be inspected or copied. Originally, when the

requesting party prevailed in the civil action, the Legislature provided for

attorney's fees if the agency had "unreasonably refused" to permit a public record

to be inspected or copied. Ch. 75-225, Laws of Fla. However, in 1984, the

Legislature expanded this provision to permit an award for attorney's fees

whenever the agency "unlawfully refused." Ch. 84-298, Laws of Fla. This

modification shifted the focus away from whether a refusal was reasonable to

whether it was unlawful.

Because the term "unlawfully refused" is neither defined in the statute, nor

clearly unambiguous, we apply principles of statutory construction in order to

resolve the conflicting interpretations of the district courts regarding whether the

public agency's good or bad faith is relevant to a finding that fees are warranted

under section 119.12. See Knowles v. Beverly Enters.-Fla., Inc., 898 So. 2d 1, 10

(Fla. 2004). As in any case of statutory construction, we are guided first and

foremost by our duty to give effect to the legislative intent. Citizens Prop. Ins. Corp., 164 So. 3d at 666.

Our specific focus, as reflected in the conflict cases, is whether the Legislature intended for attorney's fees to be awarded only if the public agency acted unreasonably or in bad faith. That was the view expressed by the Third District in Knight Ridder, which predicated entitlement to attorney's fees under the statute on whether the public agency had a " 'reasonable' or 'good faith' belief in the soundness of its position" in refusing to produce public records. 808 So. 2d at 1269. The Fourth and Fifth Districts share this view. See Althouse, 92 So. 3d at 902 ("[I]f no reasonable or good faith belief existed to withhold such documents, then the court shall assess reasonable costs of enforcement."); Greater Orlando, 4 So. 3d at 43 ("[W]e deny [the plaintiff's] request for attorney's fees as we conclude that [the public agency] did not act unreasonably or in bad faith in refusing production."). On the other hand, the Second District's position on attorney's fees is consistent with the First District in Lee. See Gonzalez, 953 So. 2d at 764-65 (explaining that attorney's fees are awardable when the reason proffered for the denial of the request is found to be improper and declining to "engraft" onto the term "unlawfully refused" either a good faith or honest mistake exception).

To resolve the conflict regarding the necessary showing for recovery of attorney's fees under the Public Records Act, we must "consider the statute as a

whole, including the evil to be corrected, the language, title, and history of its enactment, and the state of law already in existence on the statute." Fla. Dep't of Envtl. Prot. v. ContractPoint Fla. Parks, LLC, 986 So. 2d 1260, 1266 (Fla. 2008) (quoting Bautista v. State, 863 So. 2d 1180, 1185 (Fla. 2003)) (emphasis omitted). The purpose of the Public Records Act is to fulfill the constitutional requirement of making public records openly accessible to the public. To accomplish the Legislature's objectives, the Public Records Act "is to be construed liberally in favor of openness, and all exemptions from disclosure are to be construed narrowly and limited in their designated purpose." Lightbourne v. McCollum, 969 So. 2d 326, 332-33 (Fla. 2007) (quoting City of Riviera Beach v. Barfield, 642 So. 2d 1135, 1136 (Fla. 4th DCA 1994)).

Consistent with the purpose underlying the Public Records Act, section 119.12 must be "liberally construed so as to best enforce the promotion of access to public records" and "in favor of open government to the extent possible to preserve our basic freedom." Downs v. Austin, 559 So. 2d 246, 247 (Fla. 1st DCA 1990). As previously recognized by this Court:

> Section 119.12(1) is designed to encourage public agencies to voluntarily comply with the requirements of chapter 119, thereby ensuring that the state's general policy is followed. If public agencies are required to pay attorney's fees and costs to parties who are wrongfully denied access to the records of such agencies, then the agencies are less likely to deny proper requests for documents. Additionally, persons seeking access to such records are more likely

- 10 -

to pursue their right to access beyond an initial refusal by a reluctant public agency.

New York Times Co. v. PHH Mental Servs., Inc., 616 So. 2d 27, 29 (Fla. 1993). In other words, section 119.12 has the dual role of both deterring agencies from wrongfully denying access to public records and encouraging individuals to continue pursuing their right to access public records.

Prior to 1984, the necessary showing for attorney's fees was that the agency had "unreasonably refused." Ch. 84-298, § 7, Laws of Fla. However, the Legislature amended the statute in 1984 by changing a single word so that "unreasonably refused" became "unlawfully refused." Id. When a statute is amended to change a key term or to delete a provision, "it is presumed that the Legislature intended it to have a meaning different from that accorded to it before the amendment." Carlile v. Game & Fresh Water Fish Comm'n, 354 So. 2d 362, 364 (Fla. 1977) (quoting Arnold v. Shumpert, 217 So. 2d 116, 119 (Fla. 1968)).

Prior to the 1984 amendment, only unreasonable refusals led to an award of attorney's fees under section 119.12. We have found no cases that interpreted the meaning of "unreasonably refused" in the pre-1984 statute, but the term "unreasonable" certainly has some commonly accepted and understood definitions. "Unreasonable" is defined by Black's Law Dictionary, for example, as "[n]ot guided by reason; irrational or capricious." See Black's Law Dictionary 1172 (10th ed. 2014). Thus, the previous use of "unreasonably refused" indicates that

- 11 -

the Legislature intended for the agency's good or bad faith in complying with a public records request to be relevant in determining whether to award attorney's fees. No attorney's fees would be awarded even where the public agency unlawfully failed to comply with the records request, so long as the agency's actions in doing so were reasonable.

The change to "unlawfully," on the other hand, eliminated the potential that an award of attorney's fees would be denied just because the public agency acted reasonably in violating the Public Records Act. This is because an "unlawful[] refus[al]," by its common definition, encompasses any refusal not "permitted or recognized by" the Public Records Act or some other law. See Black's Law Dictionary 1018 (10th ed. 2014) (defining "lawful" as "[n]ot contrary to law; permitted or recognized by law"). The public agency's failure to comply, rather than its good or bad faith in doing so, became the relevant inquiry.

The distinction created by section 119.12 is thus between "unlawful[] refus[als]" and lawful refusals—not between "unlawful[] refus[als]" and reasonable, inadvertent, or good faith refusals that are not, as the trial court stated in this case, "knowing, willful or malicious."

The Pension Fund, however, urges us not to read the attorney's fee provision in isolation but to review other portions of the Public Records Act together, which it contends evidence a foundational requirement of good faith. Of course, under

- 12 -

the doctrine of in pari materia, we construe statutes relating to the same subject or object together to harmonize the statutes and give effect to the Legislature's intent. Fla. Dep't of State, Div. of Elections v. Martin, 916 So. 2d 763, 768 (Fla. 2005).

In reading the Public Records Act in pari materia, it is evident that the Legislature has imposed a good faith standard in other provisions of the Public Records Act while clearly omitting any such language in the attorney's fee provision. The language throughout chapter 119 creates a "right of access" to public records, § 119.01(2)(a), Fla. Stat., and imposes a "duty" on each agency to provide access to those public records. § 119.01(1), Fla. Stat. The fulfillment of this duty is policed primarily through civil actions, which are characterized throughout chapter 119 as being brought "to enforce the provisions" of chapter 119. §§ 119.07(1)(h), 119.11(1), (4), 119.12, Fla. Stat. Further, under section 119.10, a public officer who violates chapter 119 can personally face criminal penalties for "[k]nowingly" or "willfully and knowingly" violating the duty to allow public records to be inspected or copied. §§ 119.10(1)(b), (2)(a), Fla. Stat. (2009).

The explicit language used by the Legislature in providing for criminal penalties for knowing and willful actions is in stark contrast to the "unlawful[] refus[al]" requirement of the attorney's fee statute, which contains no such statutory language. If the Legislature intended to require the award of attorney's

- 13 -

fees to a successful litigant only if the refusal was done "knowingly and willfully," section 119.10 demonstrates that the Legislature certainly knew how to use those specific terms. See Aramark Unif. & Career Apparel, Inc. v. Easton, 894 So. 2d 20, 24 (Fla. 2004) (setting forth the principle that the "legislative use of different terms in different portions of the same statute is strong evidence that different meanings were intended" (quoting State v. Bradford, 787 So. 2d 811, 819 (Fla. 2001))).

The Legislature also used the term "reasonable" elsewhere in the Public Records Act. Variations of the term "reasonable," which was deliberately removed from section 119.12, continue to appear in other sections of the Public Records Act as a requirement for measuring agency conduct. See, e.g., §§ 119.01(2)(a), 119.011(3)(d), 119.07(1)(a), Fla. Stat. (2009). In addition, the term "good faith" is used only sparingly in the Public Records Act and only in specific contexts. See, e.g., § 119.011(3)(d) (relating to criminal intelligence information and investigatory information). The general expression "good faith response" is found only in section 119.07(1)(c), which requires records custodians to acknowledge requests promptly and respond in good faith, and cannot be found elsewhere in section 119.07 or even in chapter 119, which has undergone numerous revisions.

Simply put, the Legislature has had multiple opportunities to explicitly require a "good faith" standard in section 119.12 and knows how to use "good

faith" standards in attorney's fee provisions. <u>Compare</u> § 119.12, Fla. Stat. (providing for attorney's fees within the Public Records Act without using "good faith" language), <u>with</u> § 932.704(10), Fla. Stat. (2014) (providing for attorney's fees within the civil forfeiture statute and using "good faith" language). The absence of any such standards in section 119.12—whether good or bad faith, reasonable, or knowingly and willfully—clearly indicates that section 119.12 is not contingent on a finding of the public agency's unreasonableness or bad faith before allowing for an award of attorney's fees under the Public Records Act.

We accordingly reject the Pension Fund's argument that the Legislature intended to engraft a good faith obligation into the attorney's fee provision through the 2007 enactment of section 119.07(1)(c), Florida Statutes, which provides:

> A custodian of public records and his or her designee must acknowledge requests to inspect or copy records promptly and respond to such requests in good faith. A good faith response includes making reasonable efforts to determine from other officers or employees within the agency whether such a record exists and, if so, the location at which the record can be accessed.

§ 119.07(1)(c), Fla. Stat. If the Legislature intended to include a good faith requirement before attorney's fees could be awarded, it would be illogical for the Legislature to accomplish this result by adding a "good faith" exception to section 119.07(1)(c)—a different statutory provision—instead of amending section 119.12 itself.

- 15 -

Rather than modifying the criteria for the award of attorney's fees to make it more difficult for a successful litigant to receive an award of attorney's fees under the Public Records Act, it is clear that the 2007 amendment, adding the good faith language in section 119.07(1)(c), was actually meant to strengthen the responsibilities of records custodians by imposing an explicit requirement on public agencies that they act in good faith in responding to public records requests. Indeed, the title of the session law says as much: "[a]n act relating to public records . . . *requiring* custodians of public records and their designees to respond to requests to inspect and copy public records promptly and in *good faith*." Ch. 2007-39, Laws of Fla. (emphasis supplied). Failing to respond in good faith in violation of section 119.07(1)(c) may itself result in an "unlawful[] refus[al]" warranting an award of attorney's fees, but it does not follow that where there are violations of other sections of the Public Records Act, such as in this case, the Legislature intended to also require a violation of section 119.07(1)(c) before attorney's fees can be awarded.

For all these reasons, we decline to import a "good faith" or "reasonableness" requirement into section 119.12, which does not contain any such language. If an individual is required to enforce his or her entitlement to public records through the filing of a civil action and prevails, the purpose of the statute is frustrated if the prevailing individual must incur the attorney's fees—rather than

- 16 -

the public agency that violated the Public Records Act—merely because the individual is unable to establish that the public agency acted unreasonably or in bad faith. Accordingly, we conclude that a prevailing party is entitled to statutory attorney's fees under the Public Records Act when the trial court finds that the public agency violated a provision of the Public Records Act in failing to permit a public record to be inspected or copied.

### III. This Court's Decision in PHH

In reaching this conclusion, we reject the argument of the Pension Fund that this Court's decision in PHH established a "good faith" standard for awarding attorney's fees. Both parties have relied on PHH to support their respective positions, and we acknowledge that PHH contains language that could be interpreted in favor of each view. Indeed, the district courts on both sides of this issue have actually relied on PHH in reaching conflicting holdings.

PHH involved a private entity that was uncertain of whether it was subject to the Public Records Act and immediately sought clarification through a declaratory judgment action. 616 So. 2d at 28. As a case involving a private entity, PHH is factually distinguishable and does not control this case.

Nevertheless, we conclude that PHH is fully consistent with our decision here. The First District relied on PHH to conclude that the "refusal by an entity that is clearly an agency within the meaning of chapter 119 will always constitute

- 17 -

an unlawful refusal." Lee, 113 So. 3d at 1010 (quoting PHH, 616 So. 2d at 29). But PHH also stated that an award of attorney's fees was not proper in that case because the organization's "uncertainty as to its status as an agency within the meaning of chapter 119 was both reasonable and understandable." 616 So. 2d at 30. This is where the apparent confusion has arisen.

In reading PHH as a whole, it is clear that the "reasonable uncertainty" referenced by this Court was related to the organization's "status under chapter 119"—whether it was even an "agency" subject to the Public Records Act in the first place—and not, as the Third District stated in Knight Ridder, to "the soundness of its position in refusing production." 808 So. 2d at 1269. This is best demonstrated in the penultimate pronouncement of the PHH opinion:

> Section 119.12(1) is designed to encourage public agencies to voluntarily comply with the requirements of chapter 119, thereby ensuring that the state's general policy is followed. If public agencies are required to pay attorney's fees and costs to parties who are wrongfully denied access to the records of such agencies, then the agencies are less likely to deny proper requests for documents. Additionally, persons seeking access to such records are more likely to pursue their right to access beyond an initial refusal by a reluctant public agency. The purpose of the statute is served by decisions like Brunson [v. Dade County School Board, 525 So. 2d 933 (Fla. 3d DCA 1988)] and [News & Sun-Sentinel Co. v. Palm Beach County, 517 So. 2d 743 (Fla. 4th DCA 1987),] in which a unit of government that unquestionably meets the statutory definition of an agency refuses to allow the inspection of its records.
>
> However, section 119.12(1) was not intended to force private entities to comply with the inspection requirements of chapter 119 by threatening to award attorney's fees against them. If it is unclear

whether an entity is an agency within the meaning of chapter 119, it is not unlawful for that entity to refuse access to its records. Conversely, refusal by an entity that is clearly an agency within the meaning of chapter 119 will always constitute unlawful refusal.

PHH, 616 So. 2d at 29 (footnote omitted).

This Court, thus, clearly recognized in PHH what we have confirmed here—that the attorney's fee statute was "designed to encourage public agencies to voluntarily comply with the requirements of chapter 119." Id. As we stated in PHH, the "purpose of the statute is served by decisions" such as the Fourth District's decision in Sun-Sentinel that rejected an added "good faith" requirement in section 119.12 when "a unit of government that unquestionably meets the statutory definition of an agency refuses to allow the inspection of its records." PHH, 616 So. 2d at 29 (footnote omitted). As the Fourth District explained, "[s]hould we engraft onto the term 'unlawfully refused' either a good faith or an honest mistake exception, the salutary effect of the 1984 amendment [replacing "unreasonably" with "unlawfully"] would be seriously diluted." Sun-Sentinel, 517 So. 2d at 744.

Although this Court in PHH disapproved Sun-Sentinel and Brunson, it did so only "to the extent that either Brunson or Sun-Sentinel would permit the award of attorney's fees under section 119.12(1) without a determination that the refusal was unlawful." PHH, 616 So. 2d at 30. While there are statements in PHH that may have inadvertently resulted in confusion for the district courts of appeal, our

- 19 -

decision in PHH is entirely consistent with our interpretation of section 119.12 here.

## IV. This Case

Turning to this case, because the trial court found that the Pension Fund imposed conditions that were in violation of section 119.07(1)(a) prior to allowing Lee to inspect or copy the public records, the Pension Fund's actions constituted an "unlawful[] refus[al]." Therefore, the trial court erred when it denied attorney's fees on account of its finding that the Pension Fund's violations of the Public Records Act were not "knowing, willful or done with a malicious intent." Those requirements are not part of the attorney's fee statute.

Unlawful conditions or excessive, unwarranted special service charges deter individuals seeking public records from gaining access to the records to which they are entitled. See Carden v. Chief of Police, City of Clewiston Police Dep't, 696 So. 2d 772, 773 (Fla. 2d DCA 1996) ("An excessive charge could well serve to inhibit the pursuit of rights conferred by the Public Records Act."). Even if not malicious or done in bad faith, the Pension Fund's actions—which were found to be unlawful—had the effect of frustrating Lee's constitutional right to access public records and required him to turn to the courts to vindicate that right. Reasonable attorney's fees should have been awarded pursuant to section 119.12 for the Pension Fund's violation of the Public Records Act.

- 20 -

## CONCLUSION

For the reasons set forth in this opinion, we approve the First District's decision in <u>Lee</u> and the Second District's decision in <u>Gonzalez</u> to the extent they are consistent with our analysis. We disapprove the decisions in <u>Althouse</u>, <u>Greater Orlando</u>, and <u>Knight Ridder</u>, to the extent those cases require a showing that a public agency acted unreasonably or in bad faith before allowing recovery of attorney's fees under the Public Records Act. We remand this case for further proceedings consistent with this opinion, including a determination of the amount of attorney's fees to be awarded.

It is so ordered.

LABARGA, C.J., and LEWIS, QUINCE, and PERRY, JJ., concur.
CANADY, J., dissents with an opinion, in which POLSTON, J., concurs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

CANADY, J., dissenting.

Because I would conclude that a public records custodian has not "unlawfully refused" to comply with the Public Records Act where the custodian has acted in accordance with the statutory duty of good faith, I dissent. I would quash the decision on review, disapprove <u>Gonzalez</u>, and approve the conflicting decisions in <u>Althouse</u>, <u>Greater Orlando</u>, and <u>Knight Ridder</u>.

- 21 -

Contrary to the reasoning of the majority, section 119.12, the provision of the Public Records Act imposing liability for attorney's fees on custodians of public records, cannot reasonably be read in isolation from section 119.07(1)(c), the statutory provision that establishes the duty of custodians of public records to respond "in good faith" to requests to inspect or copy records. The majority's reading of the statute uncouples the attorney's fee remedy for a breach of duty by a custodian of public records from the statutory definition of that duty.

The Legislature could, of course, uncouple the remedy from the duty and impose strict liability for attorney's fees. But the language of section 119.12 neither suggests such an uncoupling nor supports the imposition of strict liability. The majority reads the phrase "unlawfully refused" in section 119.12 as equivalent to "unlawfully failed." Majority op. at 11-12. The meaning of "refused" and "failed," however, are not identical. Not every failure to comply constitutes a refusal to comply. Refuse means "to show or express a positive unwillingness to do or comply with." Webster's Third New International Dictionary at 1910 (1993). A refusal to comply thus carries with it "a positive unwillingness" to comply that is not present with every failure to comply. Which brings us back to the duty on which the attorney's fee provision is predicated: the duty to respond to public records requests "in good faith." Where the custodian of public records has acted in good faith, the custodian has not manifested "a positive unwillingness" to

- 22 -

comply with the Public Records Act. In such circumstances, an unlawful refusal to comply with the law has not occurred and the attorney's fee provision is not applicable.

POLSTON, J., concurs.

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

First District - Case No. 1D12-587

(Duval County)

Robert David Klausner, Stuart Andrew Kaufman, Adam Phillip Levinson, and Paul A. Daragjati of Klausner, Kaufman, Jensen & Levinson, Plantation, Florida,

for Petitioner

Robert Michael Dees of Milam Howard Nicandri Dees & Gillam, P.A., Jacksonville, Florida,

for Respondent

Jonathan D. Kaney, Jr. of Kaney & Olivari, P.L., Ormond Beach, Florida, and David M. Snyder of David M. Snyder P.A., Tampa, Florida,

for Amici Curiae First Amendment Foundation, Inc., Florida Press Association, Florida Scholastic Press Association, Society of Professional Journalists, Sandra F. Chance, J.D., as Executive Director of The Brechner Center for Freedom of Information, Creative Loafing Tampa, LLC, Times Publishing Company, Media General Operations, Inc. d/b/a WFLA-TV, Dennis A. Ribaya, WPLG, Inc., Cox Media, and Patrick Lynch