DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE ATTORNEY'S OFFICE OF THE SEVENTEENTH JUDICIAL CIRCUIT** and **SCHOOL BOARD OF BROWARD COUNTY,**
Appellants,

v.

**CABLE NEWS NETWORK, INC., MIAMI HERALD MEDIA COMPANY, SUN-SENTINEL COMPANY, LLC, ABC, INC., THE ASSOCIATED PRESS, THE BRADENTON HERALD, THE FIRST AMENDMENT FOUNDATION, FLORIDA PRESS ASSOCIATION, GANNETT COMPANY, INC., LOS ANGELES TIMES COMMUNICATIONS LLC, THE NEW YORK TIMES COMPANY, ORLANDO SENTINEL COMMUNICATIONS COMPANY, LLC, BROWARD COUNTY SHERIFF'S OFFICE,** and
**SCOTT ISRAEL,** in his official capacity as Broward County Sheriff,
Appellees.

Nos. 4D18-1335
and 4D18-1336

[August 8, 2018]

ON APPELLEES' MOTION FOR ATTORNEY'S FEES

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. CACE 18-004429 (09).

Michael J. Satz, State Attorney, and Joel Silvershein, Assistant State Attorney, Fort Lauderdale, for appellant, State Attorney's Office of the Seventeenth Judicial Circuit.

Eugene K. Pettis and Debra Potter Klauber of Haliczer, Pettis & Schwamm, P.A., Fort Lauderdale, for appellant, School Board of Broward County.

Dana J. McElroy, James J. McGuire, and Jon M. Philipson of Thomas & LoCicero, PL, Fort Lauderdale, for appellees, Cable News Network, Inc.; Miami Herald Media Company; and Sun-Sentinel Company, LLC, ABC, Inc.; The Associated Press; The Bradenton Herald; the First Amendment Foundation; the Florida Press Association; Gannett Co., Inc.; Los Angeles Times Communications LLC; The New York Times Company; and Orlando Sentinel Communications Company, LLC.

GROSS, J.

Various media appellants (the "Media") have filed a motion for appellate attorney's fees under the Public Records Act, Chapter 119, Florida Statutes (2018). In a separate opinion, we affirmed the circuit court order requiring production of certain video footage taken by security cameras at Marjory Stoneman Douglas High School. *See State Attorney's Office v. Cable News Network, Inc.,* No. 4D18-1335 (Fla. 4th DCA July 25, 2018). The motion seeks to recover fees from appellants, the State Attorney's Office of the Seventeenth Judicial Circuit and the School Board of Broward County.

We deny the motion for attorney's fees because neither defendant "unlawfully refused to permit a public record to be inspected or copied" within the meaning of section 119.12(1)(a), Florida Statutes (2018).

Section 119.12 provides:

> (1) If a civil action is filed against an agency to enforce the provisions of this chapter, the court shall assess and award the reasonable costs of enforcement, including reasonable attorney fees, against the responsible agency if the court determines that:
>     (a) The agency *unlawfully* refused to permit a public record to be inspected or copied; and
>     (b) The complainant provided written notice identifying the public record request to the agency's custodian of public records at least 5 business days before filing the civil action. . . .

(Emphasis added).

This section "is designed to encourage public agencies to voluntarily comply with the requirements of chapter 119, thereby ensuring that the state's general policy is followed. If public agencies are required to pay attorney's fees and costs to parties who are wrongfully denied access to the records of such agencies, then the agencies are less likely to deny proper requests for documents." *New York Times Co. v. PHH Mental Health Servs., Inc.,* 616 So. 2d 27, 29 (Fla. 1993). "[A] prevailing party is entitled to statutory attorney's fees under the Public Records Act when the trial court finds that the public agency violated a provision of the Public Records Act in failing to permit a public record to be inspected or copied." *Bd. of Trustees, Jacksonville Police & Fire Pension Fund v. Lee,* 189 So. 3d 120, 128 (Fla. 2016).

The School Board's objection to the video footage was not "unlawful" because it was based on the "security plan" exemption from disclosure contained at section 119.071(3)(a), Fla. Stat. (2018). As we wrote in *State Attorney's Office*:

> Because the footage from the surveillance cameras "relates directly" to the security system at Douglas, including both its capabilities and its vulnerabilities, the footage is confidential and exempt from disclosure to the public under sections 119.071(3)(a) and 281.301(1), unless an exception to the exemption applies.

The School Board's refusal to permit disclosure was required by statute; it could not therefore be "unlawful" within the meaning of section 119.12(1)(a). Only a "court of competent jurisdiction" may determine whether the "good cause" statutory exception applied to require disclosure. § 119.071(3)(a)3, Fla. Stat. (2018). The School Board's conduct did not become "unlawful" because it pursued this unsettled area of the law on appeal.

The Media is not entitled to an award of fees against the State Attorney because the State Attorney was never the custodian of the public records here at issue. The State Attorney intervened in the action to give voice to the criminal investigation information exemption to disclosure. The State Attorney did not violate a provision of the Public Records Act in failing to permit a public record to be inspected or copied because the State Attorney was never the agency responsible for maintaining the public record or complying with Public Records requests.

The motion for attorney's fees is denied.

CONNER and KLINGENSMITH, JJ., concur.

\*   \*   \*