# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**B&L SERVICE, INC.,**
Appellant,

v.

**BROWARD COUNTY,** a political subdivision of the State of Florida, and
**RASIER-DC, LLC,**
Appellees.

No. 4D19-2100

[July 29, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Sandra Perlman, Judge; L.T. Case No. CACE16-002723(04).

Mark J. Stempler of Becker & Poliakoff, P.A., West Palm Beach, for appellant.

Rocio Blanco Garcia of the Broward County Attorney's Office, Fort Lauderdale, for appellee Broward County.

Alyssa M. Reiter of Wicker Smith O'Hara McCoy & Ford, P.A., Fort Lauderdale, for appellee Rasier-DC, LLC.

DAMOORGIAN, J.

In this public records case, B&L Service, Inc. ("Yellow Cab") appeals the order denying its motion for attorney's fees under section 119.12, Florida Statutes (2016). For the reasons discussed below, we affirm.

Most of the relevant background facts are set forth in *Rasier-DC, LLC v. B&L Service, Inc.* (*Rasier I*), 237 So. 3d 374, 375 (Fla. 4th DCA 2018):

> Uber and Broward County entered into a license agreement governing Uber's services at the airport and Port Everglades. Article 2.6.4 of the agreement addressed Uber's monthly self-reporting requirements. Article 9.4 required Broward County to maintain the confidentiality of Uber's trade secret

information and assert its exempt status in response to a public records request.

Uber's monthly reports contained both aggregate and granular data. The aggregate data is the number of pickups and drop-offs at the airport and seaport, "multiplied by the fee in each of those zones." The granular data is information on every pickup and drop-off, including a time stamp, the longitude and latitude, and the first three characters of the driver's license plate which identifies the individual. Uber marked the reports as containing trade secret information, exempt from the Public Records Act.

Yellow Cab made a public records request to Broward County for: "All reports or documents reflecting pick-ups by Rasier–DC, LLC or Uber at the [airport], and the sums of money paid or owing to [the county] for those trips, beginning in October, 2015 and through the present." . . . The county responded that any reports marked trade secret would not be disclosed without Uber's authorization, pursuant to the license agreement, and produced a redacted set.

Yellow Cab then filed a complaint against Broward County for violating Florida's Public Records Act, seeking un-redacted monthly reports on Uber's pickups at the airport. Uber then moved to intervene as the owner of the trade secret information and real party in interest. The trial court granted the motion to intervene.

(alterations in original) (emphasis in original removed).

Following an evidentiary hearing, the trial court entered a final order wherein it found that all the redacted information in the reports was protected trade secrets and exempt from disclosure under Florida's Public Records Act. The trial court also expressly found that Broward County "did not violate the Public Records Act when it refused to disclose unredacted monthly reports in response to a public records request."

Yellow Cab thereafter moved for rehearing, arguing the trial court overlooked that its public records request was limited to the amount of money paid to Broward County and the number of pickups. Accordingly, it sought rehearing for the limited purpose "of obtaining an order that requires disclosure of only the amount paid, or due, to the County, based upon the number of pick-ups." The motion did not seek rehearing of the

2

trial court's express ruling in the final order that Broward County did not violate the Public Records Act.

The trial court ultimately granted the motion for rehearing in part, finding that "the aggregate number of pick-ups and the sum of money paid by [Uber] to the County as a usage fee at the [airport] does not constitute trade secret information such that it would be exempt from public disclosure." The court found the remaining redacted information in the reports to constitute trade secrets. The rehearing order did not mention or alter the ruling in the final order that Broward County complied with the Public Records Act. To the contrary, the rehearing order specifically states the final order is only "MODIFIED as set forth herein."

In *Rasier I*, appellee Rasier-DC, LLC ("Uber"[1]) appealed the trial court's decision. We affirmed, holding that "the total number of pickups and the fees paid to Broward County do not meet the definition of trade secrets under sections 688.002(4) or 812.081(1)(c), Florida Statutes (2016)." *Rasier I*, 237 So. 3d at 377. Importantly, Yellow Cab did not cross-appeal the trial court's express ruling in the final order that Broward County did not violate the Public Records Act.

After we issued our mandate in *Rasier I*, the trial court addressed Yellow Cab's pending motion for attorney's fees against Broward County pursuant to section 119.12, Florida Statutes (2016). The trial court denied the motion for two reasons. First, it found that by failing to cross-appeal in *Rasier I*, Yellow Cab waived the issue of whether Broward County unlawfully refused the records request. Second, relying on our decision in *State Attorney's Office of Seventeenth Judicial Circuit v. Cable News Network, Inc.*, 254 So. 3d 461 (Fla. 4th DCA 2018), it found that Broward County's refusal to produce the unredacted reports could not be unlawful because it was based on the "trade secret" exemption contained in section 815.045, Florida Statutes (2016). This appeal follows.

Section 119.12, Florida Statutes (2016), allows for an award of attorney's fees to a prevailing party who files a civil action against a public agency to enforce Florida's public records laws. By its terms, section 119.12 only allows for fees "if the court determines that [the] agency unlawfully refused to permit a public record to be inspected or copied." *Id.* A refusal is unlawful, in turn, "when a court determines that the reason

---

[1] As we explained in *Rasier I*: "Rasier is a subsidiary of Uber Technologies, Inc. It licenses technology from Uber Technologies, Inc., and then licenses it to Uber drivers. While Uber Technologies, Inc., is not a party to the case, Rasier is referred to as Uber for ease of understanding." *Rasier I*, 237 So. 3d at 375 n.1.

proffered as a basis to deny a public records request is improper." *Office of State Att'y for Thirteenth Judicial Circuit of Fla. v. Gonzalez*, 953 So. 2d 759, 764 (Fla. 2d DCA 2007). In other words, a determination that a public agency acted unlawfully for purposes of awarding attorney's fees is predicated on a finding by the trial court that the agency violated a provision of the Public Records Act. *See Bd. of Trs., Jacksonville Police & Fire Pension Fund v. Lee*, 189 So. 3d 120, 122 (Fla. 2016) ("[W]e hold that a prevailing party is entitled to statutory attorney's fees under the Public Records Act when the trial court finds that the public agency violated a provision of the Public Records Act in failing to permit a public record to be inspected or copied.").

With these parameters in mind, Broward County and Uber jointly argue that by failing to cross-appeal the trial court's ruling that Broward County did not violate the Public Records Act in *Rasier I*, Yellow Cab necessarily waived the issue of whether Broward County unlawfully refused the public records request. We agree.

"Generally, a cross-appeal must be filed to challenge an unfavorable portion of a final judgment substantially favorable to the appellee." *Wiccan Religious Coop. of Fla., Inc. v. Zingale*, 898 So. 2d 134, 136 (Fla. 1st DCA 2005). If a party fails to cross-appeal an adverse ruling and the case is remanded, the party is precluded from subsequently challenging that adverse ruling unless the parties consent to the issue being heard. *See id.*

The holding in *Mootry v. Bethune-Cookman University, Inc.* (*Mootry II*), 279 So. 3d 207 (Fla. 5th DCA 2019), is instructive. In that case, a professor sued the university for breach of employment contract. *Id.* at 208. One of the arguments the professor made in the first trial was that the university failed to comply with the procedures in the faculty handbook. *Id.* at 212. The professor lost in the first trial but the appellate court reversed for a new trial in *Mootry v. Bethune-Cookman University, Inc.* (*Mootry I*), 186 So. 3d 15 (Fla. 5th DCA 2016). After the second trial resulted in a verdict for the university, the professor appealed and the court in *Mootry II* reversed and remanded for a new trial. *Mootry II*, 279 So. 3d at 208. Of particular significance, the university cross-appealed in *Mootry II* and attempted to challenge "the trial court's determination, prior to the first trial, that, by their conduct, the parties had made the faculty handbook (or portions thereof) part of [the professor's] employment contract." *Id.* at 211–12. The *Mootry II* court refused to address the university's argument, holding that because the university "did not challenge this decision by the trial court in its cross-appeal in *Mootry I* . . . . it has waived its right to challenge that decision in this subsequent appeal." *Id.* at 212; *see also Philip Morris USA, Inc. v. Naugle*, 182 So. 3d

885, 886 (Fla. 4th DCA 2016) (holding that by failing to cross-appeal the comparative fault issue in the first appeal, the tobacco company waived the issue in the second appeal).

Here, similar to *Mootry*, the trial court made an express ruling in the final order that Broward County did not violate the Public Records Act in initially refusing to produce the unredacted reports. This ruling, which was final in nature and unaltered by the rehearing order, was undoubtedly unfavorable to Yellow Cab. By failing to cross-appeal that unfavorable portion of the final order, Yellow Cab has waived its right to challenge that ruling in this subsequent appeal. As an award of attorney's fees under section 119.12 is predicated on a finding that the public agency violated a provision of the Public Records Act, Yellow Cab's argument that it is entitled to attorney's fees under the statute must necessarily fail. Stated differently, there can be no unlawful refusal in this case in light of the trial court's unchallenged ruling that Broward County did not violate a provision of the Public Records Act.

*Affirmed.*

FORST and ARTAU, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

5